No. 14,190.

THE CITY OF VALPARAISO v. THE CHICAGO AND GRAND TRUNK RAILWAY COMPANY.

EMINENT DOMAIN.—*Right of Way of Railroad Company.*—*Condemnation of by City for Street.*—*Statute.*—A city has no power to condemn real estate belonging to a railroad company, in actual use for right of way and for depot purposes, and to appropriate the same to the use of the public as a street, as the statute authorizing cities to condemn and take lands for public use as a street, neither in terms, nor by necessary implication, authorizes the taking of property already dedicated to a public use, and land held by a railroad corporation for a right of way and for the purposes of depots, when in actual use as such, is so dedicated.

From the Lake Circuit Court.

*T. J. Merrifield,* for appellant.

*W. Johnston,* for appellee.

COFFEY, J.—This was a proceeding by the city of Valpa-

raiso against the appellee to condemn the land in controversy, for the purposes of a public street. From the order of condemnation the appellee appealed to the circuit court, and defended upon the ground that said land was a part of its right of way, and ground needed and used for depot purposes.

A trial of the cause in the circuit court resulted in a verdict and judgment for the appellee, from which this appeal is prosecuted.

The first question presented by the record relates to the power of a city to condemn real estate belonging to a railroad company, in actual use for right of way and for depot purposes, and to appropriate the same to the use of the public as a street.

The statute authorizing cities to condemn and take lands for public use as a street, is general in its terms. There is no express provision authorizing the taking of property already dedicated to a public use, nor is there anything in the statute from which such a power is necessarily implied.

The land held by a railroad corporation for a right of way and for the purposes of depots, when in actual use as such, is dedicated to the public use.

*In re City of Buffalo, etc.,* 68 N. Y. 167, is in point here. In that case the city of Buffalo undertook to condemn and take certain land belonging to railroad corporations for the purpose of extending the Main and Hamburgh street canal in said city. FOLGER, J., who delivered the opinion of the court, said: "The city of Buffalo must produce statutory authority, which in express terms gives it power to acquire these lands; or statutory authority from which the implication that it may, is necessary. The city produces the charter given to it by the Legislature, by which, there is granted to it, 'power to take lands for * * canals, basins, slips and other public waters, and for any other corporate purpose or object,' and to 'enlarge and alter' the same; and by which 'unwholesome waters and

matter may be abated by draining, or in any other way it shall deem expedient.' The charter does not give power in express terms to take these lands, or any other held for public use. * * * To defeat the attainment of an important public purpose to which lands have already been subjected, the legislative intent must unequivocally appear." See, also, *In re Boston and Albany, etc., R. R. Co.*, 53 N. Y. 574.

In the case of *Prospect Park, etc., R. R. Co.* v. *Williamson*, 91 N. Y. 552, the town of Gravesend undertook to open a public highway across the lands of the railroad company acquired for depot purposes, consisting of several acres lying at the terminus of the road on the seashore at Coney Island. After referring to the statute of the State prohibiting the laying out of public highways through improved land, the court said : " But we do not rest our decision upon that point, but upon the fact that these lands having already been lawfully appropriated, under the right of eminent domain, to a public purpose, express and direct legislative authority is necessary to justify their appropriation by proceedings *in invitum* to a different public purpose, and that general laws authorizing the laying out of highways are not sufficient."

So, in the case of *Baltimore, etc., R. R. Co.* v. *North*, 103 Ind. 486, it was said by this court that " The law seems to be well settled that lands once taken for public use can not, under general laws, without an express act of the Legislature for that purpose, be appropriated by proceedings *in invitum* to a different public use. The Legislature, as the supreme and sovereign power of the State, may doubtless interfere with property held by a corporation for one purpose and apply it to another ; but the legislative intention so to do must be stated in clear and express terms, or must appear from necessary implication."

Walking in the light of these authorities, we have no hesitancy in holding that the city of Valparaiso had no

The City of Valparaiso v. The Chicago and Grand Trunk Railway Co.

power, under existing statutes, to condemn the land in dispute for the purposes of a public street.

The question as to whether this land was necessary to the appellee for properly operating its road was submitted to the jury as a question of fact, and was answered in the affirmative. It is not claimed that such answer was not fully supported by the evidence in the cause. As to whether this was a proper inquiry we need not decide in this case.

Some of the instructions given by the court are criticised by the appellant, but we have carefully read and considered the instructions of which complaint is made, and think they fairly and clearly state the law as applicable to the evidence in the cause. The court did not err in its instructions to the jury.

It is also argued by counsel that the court erred in permitting certain witnesses to give their opinion upon questions of fact involved on the trial of the cause, but counsel in his brief makes no reference to the parts of the record in which this supposed error is to be found.

The marginal notes required by rule thirty-one of this court have not been made, but, disregarding these omissions, we have searched diligently for the supposed errors of which the appellant complains, and have been unable to find them.

Some of the witnesses named in the brief claimed to be experts in relation to the matters about which they testified, while others did state the facts upon which their opinions were based.

We have been unable to find any error in the record for which the judgment should be reversed.

Judgment affirmed.

Filed April 29, 1890.