City of Seymour *et al.* v. Jeffersonville, Madison and Indianapolis R. R. Co.

No. 15,553.

## THE CITY OF SEYMOUR ET AL. *v.* THE JEFFERSONVILLE, MADISON AND INDIANAPOLIS RAILROAD COMPANY.

EMINENT DOMAIN.—*Railroad.*—*Appropriation of Land Occupied by Track for Streets.*—*Municipal Corporation.*—*Injunction.*—The statute authorizing municipal corporations to appropriate lands for streets does not confer the power upon them to seize land occupied and used by a railroad company. Land already appropriated to a public use can not be appropriated to another public use unless the statute clearly confers authority to make a second seizure. Where the municipal authorities have instituted proceedings to appropriate a strip of ground occupied by a railroad track, which strip is part of a continuous railroad, an injunction proceeding will lie to prevent the appropriation.

From the Jackson Circuit Court.

*O. H. Montgomery*, for appellants.

*S. Stansifer*, for appellees.

ELLIOTT, J.—The appellees allege in their complaint that the Jeffersonville and Madison Railroad Company is the owner in fee of a strip of ground sixty feet in width; that title was acquired in fee under the provisions of the charter and by grant from a former owner; that the land was acquired for the purpose of constructing and operating thereon a railroad, and that for many years a track has been maintained thereon as part of a continuous railroad extending from the town of Edinburgh to the city of Jeffersonville. It is also alleged that the city authorities have instituted proceedings to appropriate the strip of ground occupied by the railroad track for a public street, and that they will so appropriate it unless enjoined. To this complaint the trial court overruled a demurrer, and the city appeals.

The question is one of jurisdiction. If the city officers had jurisdiction, then injunction will not lie; but if there was no jurisdiction injunction is an appropriate remedy. If the city had no authority to seize property previously taken for a public use there was no jurisdiction, for it is quite clear

that jurisdiction over property not subject to seizure can not exist in a municipal corporation.

We do not doubt the power of the Legislature to authorize the condemnation of land owned and occupied by a railroad company. The question here, however, is not as to the existence of that power in the Legislature, but the question is as to whether that power has been exercised.

It is settled beyond controversy that land already appropriated to a public use can not be appropriated to another public use unless the statute clearly confers authority to make a second seizure. *Lake Shore, etc., R. W. Co.* v. *Cincinnati, etc., R. W. Co.,* 116 Ind. 578 (590); *Baltimore, etc., R. R. Co.* v. *North,* 103 Ind. 486; *McDonald* v. *Payne,* 114 Ind. 359. See, also, authorities in notes 2 and 4, Elliott Roads and Streets, p. 167.

It is obvious, therefore, that the ultimate question in this case is whether the statute authorizing municipal corporations to appropriate lands for streets confers power to seize land occupied and used by a railroad company. That it does not is affirmed in the well considered case of *City of Valparaiso* v. *Chicago, etc., R. W. Co.,* 123 Ind. 467. The decision in that case is well supported by authority.

It is suggested that there is a distinction between this case and the case of *City of Valparaiso* v. *Chicago, etc., R. W. Co., supra,* inasmuch as the opening and construction of a street does not destroy the railroad. But there is no ground upon which a distinction can be made. If the city has authority to establish a street the rights of the railroad company may be radically changed. If the land is taken by the city the highway ceases to be a railroad, and becomes a street. The authority over it and the responsibility of maintaining it would, in that event, pass from the private corporation and vest in the municipality. *Louisville, etc., R. W. Co.* v. *Phillips,* 112 Ind. 59. It is true that a railroad may exist in a street, but the highway, when it becomes a street, essentially changes its character, losing, indeed, one character and tak-

ing on another. Not only so, but more, for if the authority to appropriate the land exists it empowers the municipality to entirely exclude the railroad company from the occupancy of the street. There is nothing in the statute warranting the assumption that a municipal corporation may seize property for a street and yet suffer it to continue to be part of a continuous line of railroad. The only authority conferred, or professed to be conferred, is to seize property for a street, and, of course, no other can possibly exist.

Judgment affirmed.

Filed Jan. 10, 1891.