Filed June 21, 1894.

———————◆———————

No. 773.

## WARDEN *v.* NOLAN.

ASSIGNMENT OF ERRORS.—*Sufficiency of Complaint.*—An assignment that the complaint does not state facts sufficient to constitute a cause of action will not be upheld if any paragraph of such complaint is sufficient, and this is true even though the assignment is addressed separately to each paragraph.

APPELLATE COURT PRACTICE. — *Complaint, Sufficiency of. — Defects Cured.*—Defects in a complaint, which may be supplied by the evidence, will be held cured by the verdict and judgment, and when

Warden *v.* Nolan.

questioned for the first time in the appellate tribunal, if the complaint contain enough substance to bar another action for the same thing, it will be sufficient to withstand such attack.

PLEADING.—*Complaint.*—*Demand.*—*For Money Had and Received, or Paid for Benefit of Another, etc.*—An averment of demand is not required in a complaint for money had and received, or for money paid for the benefit of the defendant at his request.

VARIANCE.—*Complaint and Proof.*—Where a complaint charges that defendant was surety on notes of the plaintiff, and to secure defendant certain lots had been deeded to him; while the evidence tended to show that the deed was made to secure defendant in subsequently becoming such surety, there is no material variance.

PRACTICE.—*Filing a Pleading at Suggestion of Court.*—If the court believes that complete justice can not be done without the filing of a pleading not then in the record, it may suggest that the same be filed, and permit it to be so filed.

EVIDENCE.—*Rebuttal Testimony Contradictory to Evidence in Chief.*—*Practice.*—The admission of rebuttal testimony contradictory of that given in chief was a matter within the discretion of the court, and was not reversible error.

From the Clark Circuit Court.

*L. A. Douglass* and *J. B. Meriwether,* for appellant.

REINHARD, J.—The appellee sued the appellant by a complaint in two paragraphs. In the first paragraph it is averred that on March 1st, 1888, appellant was surety for the appellee on some notes, and in order to secure the appellant the appellee deeded him lots 9 and 10 in block 92, Jeffersonville, Indiana; that on October 5th, 1889, appellant sold the lots for $500; that appellee paid the notes when due, and appellant suffered no loss by his being a surety for the appellee; that appellant owed him $238.55, which was due and unpaid, and which he had demanded of appellant, but the latter had refused to pay, and he prayed judgment for the amount.

The second paragraph charges that appellant is indebted to the appellee in the sum of $200 for money paid by the appellee for the use and benefit of the appellant, and at the latter's request, which sum is now due and

unpaid, and for which, together with interest thereon, he demands judgment.

Upon issues joined, the cause was tried by a jury, and a verdict was returned in favor of the appellee for $231.55, for which amount, over appellant's motion for a new trial, the court rendered judgment.

The first error assigned is that "the complaint does not state facts sufficient to constitute a cause of action, or either paragraph thereof."

An assignment that the complaint does not state facts sufficient to constitute a cause of action will not be upheld if any paragraph of such complaint is sufficient, and this is true even though the assignment is addressed separately to each paragraph. *DeVay* v. *Dunlap*, 7 Ind. App. 690. If, therefore, either of such paragraphs is sufficient, the assignment must fall.

Assuming, however, that this assignment is sufficient to test each paragraph of the complaint separately in this court, we are of opinion that the pleading is not so defective as to demand a reversal of the judgment. Where the defects in a complaint are such as may be supplied by the evidence, they will be held cured by the verdict and judgment, when the pleading is questioned for the first time by an assignment of error here, and in such case if the complaint contain enough substance to bar another action for the same thing, it will be sufficient to withstand such attack. *Bronnenburg* v. *Rinker*, 2 Ind. App. 391.

The first paragraph of the complaint might have been obnoxious to a demurrer, for the want of an averment of ownership of the lot by the appellee, but we think it meets the requirements of the law when tested by the rule above stated.

The second paragraph is not open to the objection

urged, viz.: that no demand is averred. Such an aver-
ment is not required in a complaint for money had and
received, or paid for the benefit of the defendant at his
request, even if the pleading were tested by demurrer.

The only remaining assignment of error is the over-
ruling of the motion for a new trial. Under the assign-
ment in this motion that the evidence is insufficient to
support the verdict, the appellant [urges a variance be-
tween the complaint and the evidence. It is insisted
that the complaint charges that appellant was a surety
on the notes of the appellee, for which the lots had been
deeded to him, while the appellee's testimony tended
to show that the deed was made to secure the appellant
in subsequently becoming such surety. Granting that
the testimony is as claimed, we do not think it amounts
to a fatal variance. The *gravamen* of the first para-
graph of the complaint was that the appellant was in-
debted to the appellee for money received by the appel-
lant from the sale of the lots, which money was due the
appellee. Whether the lots were deeded to appellant as
security for a pre-existing debt, or one that was or was
to be subsequently incurred, is wholly immaterial, and
we do not see how the appellant could have been misled
by the averment mentioned. Moreover, we think the
evidence was proper as tending to support the second
paragraph of the complaint.

The transaction testified to by the appellee amounted
to nothing more nor less than this: That appellant had
received certain money in the sale of the lots which had
been conveyed to him as an indemnity to secure certain
debts, and that he had received more of such money than
he had a right to retain by reason of such debts. This
overplus was, therefore, in equity and good conscience,
due the appellee, and was fully covered by the averment

that the appellant was indebted to the appellee for money had and received by the appellant for the use and benefit of the appellee.

It is further urged that the court erred in permitting the appellee, on its own suggestion, to file an additional paragraph of answer to appellant's cross-complaint. The trial court has a wide discretion in permitting the filing of additional pleadings, even during the trial.

The appellant has not shown, to our satisfaction, that the court, in the present case, abused this discretion, or that appellant was injured by this ruling.

Courts sit for the purpose of administering justice, and if the presiding judge, in his discretion, believes that complete justice can not be done without the filing of a pleading not then in the record, we can conceive of nothing more proper than for him to suggest that the same be filed, and to permit it to be so filed.

It is further complained that the court allowed the appellee to give testimony in rebuttal contradictory to that which he had given in chief. This was likewise a matter within the court's discretion, and we do not think it was reversible error. The appellee testified, in chief, that he made no claim that the appellant owed him anything except on certain items then specified. After the appellant had introduced evidence tending to support his cross-complaint, the appellee was permitted to state in rebuttal, that the appellant owed him a sufficient amount in addition to the items, to cover the amount claimed by the appellant in his cross-complaint.

We think the court did right in submitting the entire matter to the jury. They were the judges of the appellee's credibility, and they had a right to consider all his statements and determine which of them were true and which untrue.

We find no error in the record for which we feel authorized to adjudge a reversal.

Judgment affirmed.

Filed June 7, 1894.