Heyde *v.* Sult.

---

## Heyde et al. *v.* Sult et al.

[No. 2,708. Filed Jan. 5, 1899. Rehearing denied March 14, 1899.]

Appeal and Error.—*Pleading.—When Questioned for First Time on Appeal.*—Where a pleading is questioned for the first time in the Appellate Court, it will be held sufficient, unless it appears that some material averment is wholly omitted. *pp. 84, 85.*

Same.—*Pleading.—When Questioned for First Time on Appeal.— Mechanic's Lien.*—The insufficiency of a cross-complaint in an action to foreclose a mechanic's lien as not showing the owners of the property cannot be raised for the first time on appeal, where the notice of intention to hold the lien filed with the cross-complaint showed the names of the owners. *p. 85.*

Mechanic's Lien.—*Notice.—Description of Lands.—Foreclosure.—* Where a mechanic's lien was taken on lots numbered seventy-nine and eighty-three, and the evidence showed that the building was situate on lots numbered eighty-two and eighty-three, the owner of the property cannot complain of a judgment foreclosing the lien on lot eighty-three only. *pp. 85, 86.*

Appeal and Error.—*Evidence.*—Where there is some evidence to sustain a finding the Appellate Court will not interfere. *p. 86.*

From the Marshall Circuit Court.   *Affirmed.*

*Harley A. Logan,* for appellants.

*W. B. Hess* and *J. A. Shunk,* for appellees.

ROBINSON, J.—Appellees Conrad Sult and John Rails-back, under the firm name of Sult & Railsback begun suit against appellants Philip Heyde and Maggie Heyde to fore-close a mechanic's lien on lots seventy-nine and eighty-three in Corbin's Continued addition to Cougle's Independence addition to the town (now city) of Plymouth, Indiana, for material furnished in the erection of a building thereon. Other lienholders were made defendants. Appellant Harley A. Logan was made a defendant, the complaint alleging that he held a mortgage on the real estate.

Appellants Heyde, Heyde, and Logan answered—first, in general denial; and, second, payment. Appellant Maggie Heyde answered separately that, before the furnishing of the material as alleged in the complaint, her husband and co-appellant, Philip Heyde, was the owner of the real estate described in the complaint; that she and her husband exe-cuted a purchase-money mortgage on the real estate, now payable to appellant Logan; that she is still the wife of Philip Heyde; and that she has not joined her husband in the creation of any lien or any conveyance, except the mort-gage. Appellant Logan answered, separately, the execution of the mortgage, and its assignment to him, on the real estate described, and on two other certain lots adjoining; the re-cording of the mortgages, and that the same were for pur-chase money; that the building erected upon the real es-tate as alleged in the complaint is situated partly upon the lots upon and against which the lien was filed, and partly upon the other lots upon which appellant Logan now holds the mortgages; that there is now due on the mortgages $150. Appellee Stansbury filed a cross-complaint asking the fore-closure of a mechanic's lien on the same lots for work and labor done and materials furnished. The errors assigned question the sufficiency of the cross-complaint of appellee Stansbury, and the overruling of appellants' motions for a new trial. The sufficiency of the cross-complaint is ques-tioned for the first time in this court. Where a pleading is

questioned for the first time in the Appellate Court, it will be held sufficient, unless it appears that some material averment is wholly omitted from the pleading.

The notice creating a mechanic's lien is regarded as the foundation of the action, and it is required that the original, or a copy thereof, be exhibited with, or made a part of the complaint. In this case the notice is made a part of the cross-complaint, and filed with it. And while the cross-complaint might have been bad against a demurrer, yet where the cross-complaint and the exhibit are construed together, as must be done, it cannot be said that no facts are averred showing who are the owners of the property against which the foreclosure of the lien is sought. *Warden* v. *Nolan,* 10 Ind. App. 334. In the case of *Warden* v. *Nolan, supra,* the rule is thus stated: "Where the defects in the complaint are such as may be supplied by the evidence, they will be held cured by the verdict and judgment, when the pleading is questioned for the first time by an assignment of error here, and in such case if the complaint contain enough substance to bar another action for the same thing, it will be sufficient to withstand such attack. *Bronnenburg* v. *Rinker,* 2 Ind. App. 391."

It is argued that the motion for a new trial should have been sustained, because the undisputed evidence shows that the dwelling house, for the construction of which appellees Sult and Railsback were given a lien upon lot eighty-three, is also situate in part upon an adjacent lot. We do not see how appellants can complain of this. The notice, it is true, was of a lien upon lots seventy-nine and eighty-three, and the proof showed the house to be on lots eighty-three and eighty-two; but the court decreed a lien only on lot eighty-three. The fact that more land is included in a notice of intention to hold a mechanic's lien than is necessary to discharge the lien does not render the lien invalid, nor does it make it necessarily indefinite. *Scott* v. *Goldinghorst,* 123

Ind. 268; *White* v. *Stanton*, 111 Ind. 540. In the case of *Maynard* v. *East*, 13 Ind. App. 432, cited by appellants' counsel, the descriptions of the real estate were held insufficient to convey title in a sale upon the decree, for the reason that by them neither the exact location nor the boundary of the real estate to be sold could be determined. But in the case at bar no such question as that can arise.

It is further argued that the evidence shows the notice of the lien by appellees Sult and Railsback was not filed within sixty days from the furnishing of the last material. There was some dispute whether the last item furnished was a part of the original bill for the lumber. But there is evidence to sustain the court's conclusion on that question, and that is sufficient. It is not disputed that the notice was filed within sixty days after the furnishing of that item. Where there is some evidence to sustain a finding, the appellate tribunal will not interfere.

We find no error in the record, and the judgment is affirmed.