### Spitzmesser *v.* Spitzmesser.

[No. 3,743.    Filed April 23, 1901.]

APPEAL AND ERROR.—*Complaint.—Questioned for First Time on Appeal.*—A complaint cannot be successfully questioned for the first time on appeal unless some fact essential to the existence of the cause of action is wholly omitted from the pleading.  *p. 533.*

DIVORCE.—*Complaint.—Appeal and Error.*—A divorce decree will not be set aside on account of the insufficiency of the complaint, attacked for the first time on appeal, where the averments taken together were sufficient to admit evidence showing such treatment as would entitle plaintiff to a divorce upon the ground of cruel and inhuman treatment.  *pp. 533, 534.*

SAME.—*Judgment.—Fraud.*—A judgment granting a divorce will not be set aside on motion of defendant to the effect that she was misled and did not appear at the trial for the reason that she was advised as to certain matters, where it does not appear that plaintiff was in any way responsible for such advice, and no fraud is shown. *p. 534.*

From the Madison Circuit Court.  *Affirmed.*

*W. A. Kittinger, E. D. Reardon* and *W. S. Diven,* for appellant.

*C. K. Bagot, A. Ellison* and *T. Bagot,* for appellee.

ROBINSON, J.—Appellee sued for divorce averring cruel treatment.   Appellant answered in general denial.   A trial

resulted in a decree in appellee's favor. Appellant's motions to set aside the decree and for a new trial were overruled. The questions presented are the sufficiency of the complaint and overruling the motion to set aside the decree.

The complaint is first questioned by assignment of error. As to the charge of cruel treatment, it avers that appellant was frequently cross, and would scold and upbraid appellee without cause; that at times she would refuse to speak to him for a whole week; that she would get angry and break up the dishes and household utensils; that she would frequently leave their home for a week or more at a time without the consent of appellee, and during her absence appellee would be compelled to perform all the household duties, as well as his regular work and labor on the farm; that she sold, disposed of, and squandered the crops and products of the farm in the absence of appellee and without his knowledge or consent and appropriated the proceeds to her own use, and by her course and conduct she dissipated the property of appellee and drove him to poverty and financial ruin.

Some of the charges made should have been made more specific, had a motion for that purpose been filed. It seems to be the rule that an assignment of error that the complaint does not state sufficient facts is not available for a reversal unless some fact essential to the existence of the cause of action is wholly omitted from the pleading. *McGregor* v. *Hubbs,* 125 Ind. 487; *Laverty* v. *State, ex rel.,* 109 Ind. 217; *Heyde* v. *Sult,* 22 Ind. App. 83; *Micks* v. *Stevenson,* 22 Ind. App. 475. See, *Warden* v. *Nolan,* 10 Ind. App. 334.

The averments of the complaint taken together are sufficient to admit evidence showing such treatment as would entitle appellee to a divorce upon the ground of cruel and inhuman treatment. The statute provides that a divorce may be decreed for cruel and inhuman treatment of either party by the other. §1044 Burns 1894. This gives the same relief to a complaining husband as to a wife. It is

quite true that the facts should present a strong case to authorize a court to grant a separation on the application of the husband. But under the facts averred evidence could have been introduced making such a case. Some of the averments are not as specific as they should be, nor are they as clear and certain as they might have been, but necessary averments are not wholly wanting, and such defective averments are cured by the verdict. See, *Donellan* v. *Hardy,* 57 Ind. 393; *Smith* v. *Freeman,* 71 Ind. 85; *Indianapolis, etc., R. Co.* v. *McCaffery,* 72 Ind. 294.

We think it unnecessary to set out the motion to set aside the decree. Appellant appeared to the complaint and answered in denial, and upon the issue thus formed there was a trial. In the absence of some showing to the contrary it must be presumed that some of the matters set out in the motion were adjudicated on the trial. There is no showing of any fraud. She says she was misled and did not appear for the reason she was advised as to certain matters. But it is not shown that appellee was in any way responsible, either directly or indirectly, for this advice, nor is he in any way connected with it. Aside from the conclusion that she was misled there is no showing who gave this advice, nor that she believed it to be true and relied upon it, or that it was given her for any fraudulent purpose, or that appellee had anything to do with it. The court had jurisdiction of the subject-matter and of the parties. It is not shown that there was any fraud practiced, or that there was any excusable mistake, or that there was anything irregular or improper about the trial. No sufficient reason is shown for her failure to appear personally at the trial. The motion to set aside the decree was properly overruled.

Judgment affirmed.