## STEVENS ET AL. *v.* HOWERTON ET AL.

- [No. 7,431. Filed December 20, 1911.]

1. TROVER. — *Trespass.—Converting Timber.—Life Estates.—Re-mainders.—Complaint.*—A complaint alleging that the plaintiffs are the owners of the remainder in fee simple of certain land, that the defendants unlawfully entered upon such land and cut, converted and removed certain valuable trees, to plaintiffs' damage, states a cause of action, the allegations thereof overcoming the presumption that the life tenants were in possession of the land and that the timber was used for fences, wood and other proper purposes by the life tenant. p. 153.

2. PLEADING.—*Complaint.—Initial attack on Appeal.*—All intendments are in favor of a complaint attacked for the first time on appeal; and if there is not a total failure to state some essential fact, it will be held sufficient. p. 154.

3. TROVER.—*Trespass.—Damages.—Interest.*—In an action for conversion, where exemplary damages are not given, the jury, in its discretion, may award interest on the value of the property. p. 154.

4. TROVER.—*Trespass.—Life Estates.—Remainders.—Instructions.*— In an action for damages for trover for converting certain trees, an instruction that if the plaintiff remaindermen had knowledge that the defendants were going to cut such trees under an arrangement with the life tenant, and that they failed to object, but allowed such timber to be cut, such failure constituted a license to cut such timber, barring plaintiffs from a recovery, is too favorable to defendants, since it did not charge the plaintiffs with a knowledge of the actual cutting of the timber, or of the number or kind of trees to be cut, or of the use to be made thereof. pp. 155, 156.

5. ESTOPPEL.—*License.—Effect.*—A license partakes of the nature of an estoppel and may be implied from inducements and representations of the owner, or from silence where an owner sees and knows the extent of the acts done, and fails to object thereto. p. 156.

6. TROVER.—*Trespass.—License.—Instructions.—Curing by Interrogatories.*—Any objection to an instruction as to defendant's license to convert the trees sued for is overcome by answers to interrogatories to the jury that no license was given. p. 157.

From Harrison Circuit Court; *Christopher W. Cook,* Judge.

Action by Lillie Belle Howerton and another against Francis H. Stevens and another. From a judgment for plaintiffs, defendants appeal. *Affirmed.*

*William Ridley,* for appellants.

*W. T. Zenor,* for appellees.

FELT, C. J.—Action by appellees against appellants to recover damages occasioned by cutting and removing a large number of valuable trees growing upon the lands of appellee Lillie Belle Howerton.

Appellants filed two paragraphs of answer to appellees' complaint, the first of which was a general denial. The second averred that the timber was sold, cut and removed with the knowledge and consent of said appellee, who was then unmarried.

There was a trial by jury, and a verdict in favor of appellees, together with answers to interrogatories. Motions for judgment on the answers to the interrogatories and for a new trial were overruled, and the case was appealed to this court.

The errors assigned and relied on by appellant are as follows:

(1) The overruling of appellants' motion for judgment on the answers of the jury to the interrogatories, notwithstanding the general verdict;

(2) the overruling of appellants' motion for a new trial;

(3) that the complaint does not state facts sufficient to constitute a cause of action.

The complaint alleges that on May 5, 1899, and thereafter, up to the time of beginning this action, appellee Lillie Belle Howerton, then Lillie B. Stevens, was the owner in fee, subject to the life estate therein of her father, William R. Stevens, of certain described real estate in Harrison county, Indiana; that on July 9, 1904, said appellee intermarried with her coappellee, John W. Howerton, and has since continued to be his wife; that on or about December

—, 1903, and on various other days up to and including March —, 1904, appellants wrongfully and intentionally, and without authority from appellees, entered upon the premises, cut, removed, and otherwise destroyed a large number of valuable growing trees upon said land, and converted them to their own use; all to appellees' damage in the sum of $800.

Appellants contend that the complaint is insufficient, because there is no allegation as to the possession of the land,

1.  or that it was not necessary to cut the timber to repair the fences and building, or to use for fuel; that the presumption is that the life tenant was in possession, and if he suffered no more timber to be cut than was necessary for such purposes he was not guilty of waste.

The complaint proceeds on the theory that appellants were trespassers, and had no interest whatever in the land from which the trees were removed.

Giving full force to the presumption that the life tenant was in possession when the alleged trespass was committed, it will not overcome the averments that appellees wrongfully entered upon the land, wrongfully and intentionally cut and removed the trees, and converted them to their own use. The situation of the parties is different from what it would be if the action were by the owner of the fee against the life tenant. Under the averments of this complaint, appellees not only entered upon the land, but wrongfully and intentionally cut and appropriated to their own use a large number of growing trees. This conversion makes them trespassers against the owner of the fee beyond any right that could be given them by the life tenant, and excludes the inference for which appellants contend, that the trees were taken for the necessary and rightful purposes of the life tenant.

Furthermore, the complaint is tested for the first time by assignment of error in this court. Where this is true, all

intendments are in favor of the pleading, and if there
2.  is not a total failure to state some essential element of
the right of recovery, and the complaint is sufficient
to bar another suit for the same cause of action, the verdict
cures all other defects, and the complaint will be held suffi-
cient to support the judgment. *Oliver Typwriter Co.* v.
*Vance* (1911), 48 Ind. App. 21; *Shoemaker* v. *Williamson*
(1901), 156 Ind. 384; *McGregor* v. *Hubbs* (1890), 125 Ind.
487.

It is only by the greatest liberality in the construction
and application of the rules of this court that appellants
are entitled to any consideration of questions attempted to
be raised by the assignments questioning the rulings on the
motions for a new trial, and for judgment on the answers to
the interrogatories.

Both appellants and appellees have so disregarded the
rules in the preparation of their briefs as to be subject to
criticism, and to make it much more difficult for this court to
ascertain and decide the questions involved, than it would
have been if the rules prescribed and many times inter-
preted by this court had been more closely followed.

The motion for a new trial assigns as causes therefor,
(1) excessive damages, (2) that the verdict is not sustained
by sufficient evidence, and (3) error in giving certain in-
structions.

The jury found the actual damages to be $258, and al-
lowed $69.66 as interest, making a total of $327.66. Interest
was allowed at six per cent from the time of, or
3.  shortly after, the conversion of the timber, and ap-
pellant contends that the law does not warrant such
allowance. Waiving any question as to the manner in
which the alleged error of excessive damages is raised, it has
been held that in an action for the conversion of property,
where damages not exemplary are found due to the plaintiff,
the jury may, in its discretion, add interest to the sum that

Stevens *v.* Howerton—49 Ind. App. 151.

it allows as to the value of the property, or the plaintiff's loss, and such finding will not be disturbed unless the addition of the interest would clearly so increase the amount of the damages as to make it unjust.

In the case of *Pittsburgh, etc., R. Co.* v. *Swinney* (1884), 97 Ind. 586, 597, our Supreme Court quoted approvingly, from Cooley, Torts 457, as follows: "But in most cases, when the circumstances are not such as to warrant exemplary damages, a just indemnity will consist in the value of the property at the time of the conversion, with interest thereon to the time of trial."

The jury in this case did not go beyond the bounds of this rule, and the allowance of interest is fully sustained by the authorities. *New York, etc., R. Co.* v. *Roper* (1911), 176 Ind. 497; 16 Am. and Eng. Ency. Law (2d ed.) 1027; 28 Am. and Eng. Ency. Law (2d ed.) 544; 13 Cyc. 88; *Wabash R. Co.* v. *Williamson* (1891), 3 Ind. App. 190, 205; *Kavanaugh* v. *Taylor* (1891), 2 Ind. App. 502, 505; *Knisely* v. *Hire* (1891), 2 Ind. App. 86, 90; *Sunnyside Coal, etc., Co.* v. *Reitz* (1896), 14 Ind. App. 478, 486.

The objection to instruction four, given by the court of its own motion, relates to the measure of damages and the question of interest, and is settled against appellants by the foregoing authorities.

The objection urged to instruction two, given by the court, is that it told the jury that if "the plaintiffs had knowledge of the fact that they [defendants] were going to enter and cut the trees under an arrangement with William R. Stevens, and having such knowledge and having an opportunity and could easily have objected but did not do so, and allowed defendants to cut the timber without signifying their dissent thereto, then such failure on her part was an implied license that they could enter, and plaintiffs cannot recover." The language employed casts upon appellants the burden of showing that appellee Lillie Bell

Howerton had knowledge that the timber was going to be cut, and that she had an opportunity to object, and could easily have done so.

This instruction was given under the issue raised by the special answer. Appellants assume and the instruction states that appellee Lillie Bell Howerton's silence under the circumstances indicated in the instruction, would amount to a license to appellants to enter and do the things of which she complains, and therefore prevents a recovery by her. It will be observed that the knowledge and silence which the court says would imply a license from appellee Lillie Bell Howerton to appellants, of such a character as to defeat her action, does not charge her with knowledge of the actual cutting of the timber, of the number and kind of trees to be cut, or of the use to be made of the timber.

An implied license partakes of the nature of an estoppel, and may be found to exist from the inducements and representations of the owner, or from silence where an 5. owner sees and knows the extent of an act or acts done upon his property, and fails to object thereto. Tiedeman, Real Property (3d ed.) §468; 18 Am. and Eng. Ency. Law (2d ed.) 1132-1134; *Noftsger* v. *Barkdoll* (1897), 148 Ind. 531, 535.

By this instruction the jury was, in effect, told that if Mrs. Howerton knew that appellants were going to cut timber upon the land owned by her, subject to the life 4. estate of her father, under some arrangement made with him, the law will imply a license from her warranting them not only to enter upon the land for such purposes as the life tenant might authorize, but also to cut and appropriate the trees to their own use. This conclusion is erroneous. If silence on her part amounted to a license of any kind, it did not authorize appellees to cut and appropriate timber to their own use as alleged in the complaint.

The vice of this instruction on the subject of implied license operated against appellees rather than appellants.

The other objections are not tenable. The instruction was more favorable to appellants than the law warrants.

Furthermore, in answer to an interrogatory, the jury expressly found that Mrs. Howerton did object to the cutting of the timber, and this would render harmless any error in the instructions, on the theory of implied license by her failure to object when she should have spoken.

The instructions as a whole state the law as favorably to appellants as the facts and issues warrant, and no error prejudicial to them has been pointed out.

The conclusions already announced make it unnecessary for us to pass upon the sufficiency of the special answer.

The answers to the interrogatories are not in conflict with, but support the general verdict.

The questions of fact were fairly submitted to the jury by the trial court, and found against appellants by the jury.

No prejudicial error against appellants is shown by the record, and upon the whole the verdict seems to be fully sustained by the evidence.

Judgment affirmed.