298     APPELLATE COURT OF INDIANA,

Town of Cicero *v*. Lake Erie, etc., R. Co.—52 Ind. App. 298.

# Town of Cicero et al. *v*. Lake Erie and Western Railroad Company.

[No. 7,494.   Filed January 3, 1912.   Rehearing denied May 15, 1912.
Transfer denied January 28, 1913.]

1.  PLEADING.—*Complaint.*—*Demurrer.*—*Inferences.*—Where a complaint is tested by demurrer, no inferences or intendments are indulged in favor of its sufficiency.   p. 307.

2.  PLEADING.—*Complaint.*—*Sufficiency.*—*Initial Attack After Judgment.*—Where a complaint is tested for the first time after judgment, all inferences and intendments are indulged in favor of the pleading, and if there is not a total failure to aver some essential fact, and it is sufficient to bar another action for the same cause, it will be held sufficient to support the judgment.   p. 307.

3.  PLEADING.—*Complaint.*—*Sufficiency.*—*Motion in Arrest of Judgment.*—*Appeal.*—Where an omission or defect in a complaint is one that may be supplied by proof, and the facts alleged will bar another action for the same cause, the complaint will be held sufficient on motion in arrest of judgment, or when first tested by assignment of error on appeal.   p. 308.

4.  APPEAL.—*Questions Presented for Review.*—*Exceptions to Conclusions of Law.*—Where there is a special finding in which the facts have been fully and correctly found within the issues, and on which the trial court has stated its conclusions of law, to which the appellant has duly excepted, such exceptions will present the same question as the overruling of a demurrer to the complaint.   p. 308.

5.  PLEADING.—*Complaint.*—*Sufficiency.*—*Initial Attack on Appeal.*—*Exceptions to Conclusions of Law.*—Where the sufficiency of a complaint is attacked for the first time on appeal, and appellant's exceptions to the conclusions of law raise the same questions as are raised by the assignment challenging the complaint, the sufficiency will be tested by the rule applicable after verdict.   p. 308.

6.  INJUNCTION.—*Action to Enjoin.*—*Municipal Corporations.*—*Appropriation of Railroad Property for Street.*—*Complaint.*—*Sufficiency.*—*Initial Attack on Appeal.*—In an action by a railroad company to enjoin a town and its officers from laying out a street over railroad property, a complaint alleging the acquisition of the property for railroad purposes, and the use thereof for over twenty years, that the town acquired a strip along the railroad property and began the construction of a street thereon

## NOVEMBER TERM, 1912.          299

Town of Cicero *r.* Lake Erie, etc., R. Co.—52 Ind. App. 298.

and that it intended to and would construct such street over a portion of the railroad right of way, etc., is sufficient when attacked for the first time on appeal. p. 308.

7. APPEAL.—*Review.—Special Findings.—Conclusions of Law.*— Although a complaint, attacked for the first time on appeal, is found sufficient, the question of whether the facts provable thereunder have been so fully and correctly found as to sustain the conclusions and support the judgment of the trial court must be determined on the exceptions to the conclusions of law. p. 308.

8. TRIAL.—*Special Findings.—Failure to Find Material Fact.— Effect.*—The failure to find a material fact, of which the burden of proof is on the plaintiff, is equivalent to a finding against plaintiff as to such fact. p. 309.

9. INJUNCTION.—*Actions to Enjoin Municipal Corporations.—Appropriation of Railroad Property for Street.—Complaint.—Proof.* —In an action by a railroad company to enjoin a town from appropriating a portion of the right of way for a street, plaintiff must allege and prove facts showing that the town and its officers were acting without warrant of law. p. 309.

10. EVIDENCE.—*Presumptions.—Performance of Official Duty.*—The law presumes the acts of public officers to be legal and regular, and until the contrary is made to appear, they are presumed to have done their duty according to law. p. 309.

11. INJUNCTION.—*Actions Against Municipal Corporations.—Appropriation of Railroad Property for Street.—Special Findings.— Sufficiency.*—In an action by a railroad company to enjoin a town from appropriating a portion of its right of way for a street, a special finding of facts which fails to show that the town or its officers acted wrongfully or unlawfully, or that the proceeding was not pursuant to some legal procedure authorizing such action, even if sufficient to exclude the theory of a street by dedication or prescription, is not sufficient to sustain a judgment for permanent injunction, but such omission amounts to an affirmance that the acts of defendant were lawful. p. 309.

12. EMINENT DOMAIN.—*Railroads.—Right of Way.—Dedication to Public Use.*—Land held by a railroad corporation for a right of way, when in actual use as such, is dedicated to a public use. p. 310.

13. EMINENT DOMAIN.—*Land Appropriated to Public Use.—Subsequent Appropriation.*—Where land is once appropriated to an important public use, it cannot again be devoted to another public use wholly inconsistent with the former, and which must necessarily supersede or destroy such former use, unless it is shown that the right to the second appropriation is authorized by an act

of the legislature, either expressly or by necessary implication; but, where the two uses may coexist, and the second does not destroy or seriously impair the use for which the first appropriation was made, the second appropriation may be had under a general statute authorizing the condemnation of ground for public purposes. p. 310.

14. EMINENT DOMAIN.—*Railroads.*—*Right of Way.*—*Subsequent Appropriation for Street.*—Under general statutory authority to lay out and establish streets, a street may be laid out through railroad grounds, unless the use for railroad purposes would thereby be destroyed or materially impaired. p. 313.

15. EMINENT DOMAIN.—*Railroads.*—*Right of Way.*—*Subsequent Appropriation for Street.*—Although §§8700, 8759 Burns 1908, Acts 1905 p. 219, §§97, 265, providing that towns may appropriate or condemn, for the public use, any property, real or personal, and may open, change, lay out or vacate any street, etc., including proposed street or alley crossings of railways or other rights of way, are general in their terms, and do not specifically authorize the taking of a longitudinal strip of a railroad's right of way for other public purposes, it cannot be held as a matter of law that a town cannot by proper proceedings acquire such a strip for highway purposes, and its right to do so will be upheld in the absence of proof that it had not acquired the right in any of the ways recognized by the law. p. 313.

16. APPEAL.—*Review.*—*Evidence.*—*Exceptions to Conclusions of Law.*—Technical objections as to the sufficiency of appellants' exceptions to conclusions of law will not be considered, where the evidence fails to prove the same essential facts omitted from the findings, thereby showing that the motion for a new trial should have been sustained. p. 314.

From Tipton Circuit Court; *Lex J. Kirkpatrick,* Judge.

Action by the Lake Erie and Western Railroad Company against the Town of Cicero and others. From a judgment for plaintiff, the defendants appeal. *Reversed.*

*John F. Neal* and *Phil J. Fariss,* for appellants.
*John B. Cockrum* and *Shirts & Fertig,* for appellee.

FELT, C. J.—Appellee brought this suit to enjoin appellants from constructing a street or highway over a strip of ground in the town of Cicero, which appellee claims as a part of its right of way.

Issues were joined, and the court, on request, made a special finding of facts, stated its conclusions of law thereon in favor of appellee, and granted appellee a permanent injunction.

Appellants appealed to this court, and rely on the following errors for reversal: (1) The complaint does not state facts sufficient to constitute a cause of action; (2) the court erred in its conclusion of law on the special finding of facts; (3) the court erred in overruling appellants' motion for a new trial.

The special finding of facts is, in substance, as follows: That appellee is a railroad corporation and owns and operates a line of road from Indianapolis to Michigan City, Indiana, through the town of Cicero; that appellee's predecessor, the Peru and Indianapolis Railroad Company, prior to 1851, began the construction of said line of road; that in 1851, Elias Van Buskirk contracted with William A. Spurgin for the sale to the latter of certain real estate, including that in controversy, and in 1847 said Spurgin executed to said Peru and Indianapolis Railroad Company a relinquishment for a right of way across land which includes that in controversy, but the same did not designate the width thereof, and the instrument was not placed of record; that on November 8, 1851, said Spurgin executed to said Van Buskirk a deed of general warranty for the east half of said quarter section of land across which said release granted a right of way; that said deed made no reference to said road or said right of way, and was duly recorded; that after said railroad had been surveyed and located across said tract of real estate, said Van Buskirk, in 1851, platted said ground, as an addition to the town of Cicero, immediately north of Jackson street which runs east and west across the south end of said 80 acres, which street, and Cass street north thereof, are crossed by said railroad; that said railroad runs through blocks one and two in said addition,

bearing slightly from a north and south direction, as shown
by the following diagram:

that said plat was duly signed and acknowledged, and on
November 11, 1857, was duly recorded in the office of the

recorder; that said Van Buskirk marked on said plat said railroad as a strip 80 feet wide, and thereby intended to and did designate and set aside said strip of 80 feet as the right of way of said railroad, and the same was accepted as such by said road; that said railroad company took possession of said right of way, and about 1852 or 1853 constructed its road along the center line of said strip of 80 feet, and it and its successors have continuously maintained and operated said road thereon to the present time; that in the space between Jackson and Cass streets, next to and on the west side of the main track, there is a public street of said town, which the general public has used since said addition to said town was laid out, and since the location and construction of said railroad; that said railroad has maintained a cattle-guard since 1870 at a point on its road about 275 feet north of the north line of said lot two, block one; that when said road was constructed, the land along said right of way north of Cass street was in a forest, and the trees were cut and removed from a strip about 30 feet wide along said right of way, and shortly thereafter there was a fence erected along the west side of the railroad, and fifteen or twenty feet from the track extending north from Cass street the entire length of the strip of ground in controversy; that said Van Buskirk while owning the property erected said fence, and it was removed prior to 1868; that neither appellee nor any one of its predecessors ever erected or maintained a fence along the west side of the main track through the land in controversy; that immediately north of the ground in dispute the railroad company maintains, and has for a long time maintained, a fence connected with the wing fence at the cattle-guard, and located 26.7 feet west of the center of the track; that prior to 1870 lots two and three, west of the railroad and north of Cass street, were enclosed and improved, and buildings erected on the east ends of the lots, but none nearer than 40 feet from the center of the railroad track; that prior to 1870, the owner of the land

304    APPELLATE COURT OF INDIANA,

Town of Cicero *v.* Lake Erie, etc., R. Co.—52 Ind. App. 298.

west of the railroad, and immediately north of block one, fenced the same, leaving an alley between his ground and said lot two, block one, and erected a dwelling on his ground immediately north of said alley, more than 40 feet from the center of the railroad track, and a small barn 38.9 feet from said center; that said alley has been closed for more than 20 years; that prior to 1870 some use was made of the ground east of said buildings by the persons living therein, and the railroad used the space west of its tracks and north of Cass street for storing wood and ties, and for other purposes, and the same was open on the south; that since the closing of said alley a fence has been maintained by adjoining landowners, connecting with the fence on the east line of lots two and three, block one, and extending north to the wing fence at the cattle-guards, and there has never been any road or any wagon crossing over the railroad between Cass street and the first cattle-guard north thereof; that after the closing of said alley, the space north of that point between the railroad and the fence west thereof was occasionally used by the owners of the real estate in reaching their property, but no general use thereof was made by the public; that for more than twenty years before this suit was begun, successive owners of land west of the railroad and north of said block one conveyed the same by deeds, describing the ground as beginning at the northwest corner of said lot two, block one; thence north ten rods; thence east to the railroad (distance not given); thence south along the railroad to the northeast corner of said lot two; thence west to the place of beginning; that fences on the east line of the ground so conveyed were recognized and used as the boundary line fence continuously for more than thirty years prior to the removal of the fence by appellants, which fence extends from the wing fence at the cattle-guard at a point 26.7 feet west of the center of the railroad track in a straight line bearing west to the northeast corner of a barn, where the same is 38.9 feet distant from said center; thence

extending south to the north line of Cass street 37.6 feet
west of said center line; that at various times covering a
period of twenty-five years the officers of the town of Cicero
exercised some limited authority over the ground in contro-
versy, but by what right or to what extent does not appear;
that for more than thirty years appellee and its predeces-
sors have maintained and operated a siding on the east side
of its main track across Cass street, extending north to a
point near the cattle-guards, which siding, with an elevator
and coal-shed, has for more than thirty years occupied and
used a strip of ground forty feet wide on the east of said
railroad and north of Cass street; that appellee, as succes-
sor of the former owners of said railroad property, by
divers mortgages, foreclosures, sales and transfers, has ac-
quired all the property, rights and franchises of said former
owners, but in none of said foreclosures or transfers was any
particular description of the right of way in controversy
given, nor was the width thereof stated; that shortly before
this suit was begun, the town of Cicero acquired from adja-
cent landowners a strip of ground 18 feet wide along the
west side of said right of way, north of said cattle-guards,
and began the construction of a roadway thereon, intending
and undertaking to extend the same south to Cass street;
that in so doing appellants tore down the line fence on the
west side of said right of way south of said cattle-guards,
and moved the same east to a point within 15 feet of the
railroad tracks; that appellants are preparing to construct
a public road or street along the west side of the fence so
located, and are claiming the right to appropriate for that
purpose the ground up to a line within 15 feet of said tracks
from said cattle-guards south to Cass street; that the re-
moval of said fence, and the appropriation of said ground,
as aforesaid, were without the consent or authority of appel-
lee; that unless restrained, appellants will establish said
fence within 15 feet of appellee's track, and construct said

306        APPELLATE COURT OF INDIANA,

Town of Cicero *v.* Lake Erie, etc., R. Co.—52 Ind. App. 298.

highway as aforesaid. On the foregoing finding of facts, the court stated its conclusions of law, in substance, as follows: That appellee is entitled to a permanent injunction against appellants, enjoining them and each of them from establishing and maintaining a street or public highway on the west line of appellee's right of way, describing the same, by the fence line south from said cattle-guard to Cass street, as it was before being disturbed by appellants.

The principal objections urged against the complaint are as follows: (1) The averments showing that appellee was the owner and had been in possession of the ground in question for more than twenty years is insufficient, for the reason that the right to establish a highway is not inconsistent with appellee's title to the land in controversy; (2) that the acts of public officers are presumed to be legal and regular, and to make the complaint good, it was necessary to aver facts showing that their acts complained of by appellee were without authority of law and not in pursuance of some legal procedure for the establishment of the proposed street or the condemnation of the ground in controversy for highway purposes; that it was not a part of a highway already existing by virtue of some grant, dedication or prescription, recognized by the law; (3) that the statement that appellants' acts, of which complaint is made, were wrongful and unlawful is a mere conclusion and not the averment of a fact.

The averments of the complaint are in general indicated by the finding of facts, but the parts especially challenged aver "that plaintiff is and for more than twenty years last past has been the owner of said portion of right of way included within the boundaries of said west line and the center of said track, as above described, and it and its predecessors have been in the exclusive and continuous possession and use thereof, as such owners, and maintained a fence on the above-described west line of said described right of way, until September —, 1907, when the defendant wrong-

NOVEMBER TERM, 1912. 307

Town of Cicero *v.* Lake Erie, etc., R. Co.—52 Ind. App. 298.

fully, unlawfully and without the consent of plaintiff, removed said fence from said west line, * * * and it is the intention of the defendants and they are about to construct said alleged highway or street over and through a portion of plaintiff's said described right of way and defendants are wrongfully claiming the right to construct, grade and maintain said alleged highway or street on such portion of such right of way.''

The rule is firmly established, that where a complaint is tested by demurrer, no inferences or intendments are indulged in favor of the pleading, but where it is tested

1. for the first time after judgment, all inferences and intendments are indulged in favor of the pleadings. If there is not a total failure to aver some essential fact necessary to the existence of the cause of action at-

2. tempted to be stated, though some of such facts may be defectively stated, and the complaint is sufficient to bar another suit for the same cause of action, the verdict, or finding and judgment of the trial court cures all other defects, and the complaint will be held sufficient to support the judgment. *Peoria, etc., R. Co.* v. *Attica, etc., R. Co.* (1900), 154 Ind. 218, 220, 56 N. E. 210; *Du Souchet* v. *Dutcher* (1888), 113 Ind. 249, 251, 15 N. E. 459; *Noblesville Foundry, etc., Co.* v. *Yeaman* (1892), 3 Ind. App. 521, 524, 30 N. E. 10; *Heyde* v. *Sult* (1899), 22 Ind. App. 83, 85, 52 N. E. 456; *Stevens* v. *Howerton* (1911), 49 Ind. App. 151, 96 N. E. 968.

The averments of the complaint, showing that appellants in opening the street were acting without legal authority, are defective in stating conclusions instead of pleading facts showing that appellants did not have the legal right to do the things complained of, but there was some averment of such facts, and though defective, in the absence of a demurrer, or a motion to make the complaint more specific, the defective averments were sufficient to admit evidence showing that appellants acted without legal warrant. Where

the omission or defect is one that may be supplied
3. by proof, and the facts alleged will bar another suit
for the same cause of action, the complaint will be
held sufficient on motion in arrest of judgment, or when
first tested by assignment of error on appeal, as in this case.
*Loeb* v. *Tinkler* (1890), 124 Ind. 331, 334, 24 N. E. 235;
*Reed* v. *Browning* (1892), 130 Ind. 575, 578, 30 N. E. 704;
*Chapell* v. *Shuee* (1889), 117 Ind. 481, 486, 20 N. E. 417;
*Spitzmesser* v. *Spitzmesser* (1901), 26 Ind. App. 532, 534,
60 N. E. 315; *Palmer* v. *Logansport, etc., Gravel Road Co.*
(1886), 108 Ind. 137, 142, 8 N. E. 905; 12 Ency. Pl. and
Pr. 1033; 17 Ency. Pl. and Pr. 189.

It has frequently been held that where there is a special
finding of facts on which the trial court has stated its con-
clusions of law, to which appellant has duly excepted,
4. if the facts are fully and correctly found within the
issues, the exceptions to the conclusions of law will
present the same question as the overruling of a demurrer
to the complaint. *Runner* v. *Scott* (1898), 150 Ind. 441,
50 N. E. 479; *Philip Zorn Brewing Co.* v. *Malott* (1898),
151 Ind. 371, 51 N. E. 471; *Ross* v. *Van Natta* (1905), 164
Ind. 557, 74 N. E. 10; *Fry* v. *Hare* (1906), 166 Ind. 415, 77
N. E. 803; *Timmonds* v. *Taylor* (1911), 48 Ind. App. 531,
96 N. E. 331; *Sell* v. *Keiser* (1911), 49 Ind. App. 101, 96 N.
E. 812.

In the case at bar there was no demurrer, but the com-
plaint is questioned for the first time by independent as-
signment of error. Where this is done, the excep-
5. tions to the conclusions of law present the same ques-
tion as the assignment of error challenging the suffi-
ciency of the complaint, but the complaint in such case will
be tested by the rule applicable after verdict.

Tested by this rule, the complaint is sufficient, but
6. whether the facts provable under the complaint so
construed have been so fully and correctly found
7. as to sustain the conclusions and support the judg-

NOVEMBER TERM, 1912. 309

Town of Cicero *v.* Lake Erie, etc., R. Co.—52 Ind. App. 298.

ment of the trial court, must be determined on the exceptions to the conclusions of law.

The failure to find a material fact, the burden of proving which is on plaintiff, is equivalent to a finding against him as to such fact. *Mug* v. *Ostendorf* (1911), 49 Ind. App. 71, 96 N. E. 780.

To entitle appellee to injunctive relief against the town of Cicero and its officers, it was necessary to allege and prove that in removing the fence and taking a portion of appellee's right of way for a street they were doing so without warrant of law. It has been held that to enjoin a city from using a strip of ground as a street, the complaint must show, not only that there has been no grant, or condemnation of the land for a street, but also that there has been no implied dedication of, or prescriptive right acquired to, the ground for highway purposes. *Faust* v. *City of Huntington* (1883), 91 Ind. 493; *Jackson* v. *Smith* (1889), 120 Ind. 520, 527, 22 N. E. 431; *City of Lafayette* v. *Wabash R. Co.* (1902), 28 Ind. App. 497, 501, 63 N. E. 237; *Carr* v. *Kolb* (1884), 99 Ind. 53, 55.

The law presumes the acts of public officers to be legal and regular, and until the contrary is made to appear, they are presumed to have done their duty according to law. *Faust* v. *City of Huntington, supra,* 495; *Town of Woodruff Place* v. *Raschig* (1897), 147 Ind. 517, 521, 46 N. E. 990; *Cummins* v. *City of Seymour* (1881), 79 Ind. 491, 496, 41 Am. Rep. 618.

The finding of facts does not show that the town or its officers acted wrongfully or unlawfully; nor does it show that the town was not proceeding to remove the fence and open the highway in pursuance of some legal procedure which authorized such action, though it is probably sufficient to exclude the idea of a street by dedication or prescription.

The law places the burden on appellee to aver and prove facts showing that appellants were proceeding without law-

ful authority to do the things complained of by appellee, in order to meet and overcome the legal presumption in favor of the legality and regularity of the acts of appellants.

The complaint could not be upheld without some averment of such essential facts, and the failure to find facts showing the acts complained of to be wrongful or unlawful shows that the facts found are insufficient to sustain the judgment against appellants for a permanent injunction.

For the purposes of this appeal, the case comes to this court on a finding of facts which does not remove or disturb the presumption of the law as to the legality of the acts of the officials of the town of Cicero, but, in legal effect, affirms that their acts were lawful.

Appellee insists, however, that as the complaint and findings show appellants are seeking to take a longitudinal strip of its right of way for highway purposes, it was unnecessary to aver or prove that there had been no condemnation or other proceedings by the town to obtain the ground in controversy for such purposes; that the law absolutely forbids such second appropriation for a public use. Our courts have decided that land held by a railroad corporation for a right of way, when in actual use as such, is dedicated to a public use. *City of Valparaiso* v. *Chicago, etc., R. Co.* (1890), 123 Ind. 467, 24 N. E. 249.

The general doctrine is recognized in this State, that where land is once appropriated to an important public use, it cannot again be devoted to another public use wholly inconsistent with the former, and which, under the circumstances of the particular case, must necessarily supersede or destroy such former use, unless it is shown, either expressly or by necessary implication, that the right to subject the land to the second appropriation or use is authorized by an act of the legislature. *Cincinnati, etc., R. Co.* v. *City of Anderson* (1894), 139 Ind. 490, 38 N. E. 167, 47 Am. St. 285; *Steele* v. *Empson* (1895), 142 Ind. 397, 406, 41 N. E. 822; *City of Terre Haute* v. *Evans-*

*ville, etc., R. Co.* (1897), 149 Ind. 174, 176, 46 N. E. 77, 37 L. R. A. 189; *Gold* v. *Pittsburgh, etc., R. Co.* (1899), 153 Ind. 232, 242, 54 N. E. 802.

But on the question of the necessity of a special legislative enactment specifically authorizing such second appropriation for a public use, the rule is somewhat relaxed from the earlier decisions.

In *Baltimore, etc., R. Co.* v. *North* (1885), 103 Ind. 486, 3 N. E. 144, it was held that the circuit court, under the general drainage law, had no power to ·establish a public ditch along and on the right of way of a railroad, for the reason that lands once taken for an important public use cannot, under general laws, be appropriated to another public use, and that such second appropriation cannot be made except by express legislative authority, clearly and definitely granted, or arising by necessary implication.

In the case of *Baltimore, etc., R. Co.* v. *Board, etc.* (1901), 156 Ind. 260, 58 N. E. 937, 59 N. E. 856, it was stated that the doctrine of the case of *Baltimore, etc., R. Co.* v. *North, supra,* is incompatible with the later decision in *Gold* v. *Pittsburgh, etc., R. Co., supra,* and that *Baltimore, etc., R. Co.* v. *North, supra,* was overruled in so far as it is in conflict with *Baltimore, etc., R. Co.* v. *Board, etc., supra.* In that case a large public ditch was located along and over the right of way of the railroad for a distance of 8,400 feet, to a width of from 4 to 7 feet, and about 35 feet from the center of the railroad tracks, and the Supreme Court sustained the action of the lower court in so locating it, though the drainage statute under which the ditch was established did not expressly provide that a ditch could be constructed along and over such right of way.

Since the decision of the case of *Baltimore, etc., R. Co.* v. *Board, etc., supra,* the case of *City of Valparaiso* v. *Chicago, etc., R. Co.* (1890), 123 Ind. 467, 24 N. E. 249; *City of Seymour* v. *Jeffersonville, etc., R. Co.* (1891), 126 Ind. 466, 26 N. E. 188; *City of Fort Wayne* v. *Lake Shore, etc., R. Co.*

(1892), 132 Ind. 558, 32 N. E. 215, 18 L. R. A. 367, 32 Am. St. 277; and other cases, following the doctrine of *Baltimore, etc., R. Co.* v. *North, supra,* must be regarded as modified, on the proposition of the right under a general statute to appropriate ground to another and different public use which is already devoted to an important public use. The rule, as now established, is that if the two uses may coexist, and the second does not destroy or seriously impair the use first granted, the second may be secured in a proper proceeding under a general statute, authorizing the condemnation of ground for public purposes.

In *Postal Tel., etc., Co.* v. *Chicago, etc., R. Co.* (1903), 30 Ind. App. 654, 66 N. E. 919, this court held that a telegraph company could by condemnation proceedings acquire the right to erect and maintain its poles and lines along and over the right of way of a railroad company, and, among other things, said on page 660: "If the court, upon all the facts, finds that the two uses can coexist, it is the duty of the court to hold that the condemnation may be had under the general grant for the purpose."

In *Steele* v. *Empson* (1895), 142 Ind. 397, 405, 41 N. E. 822, the court said: "It is claimed by appellant that the ditch is partly located on the right of way of the O. & M. R. W. Co., and that such location is not authorized, for the reason, that property once taken and appropriated to one public use cannot again be appropriated to another public use. * * * The rule urged by appellant only applies when the second public use would naturally injure or destroy the uses for which such right of way was employed, and when the same could not exist without impairing the first uses." See, also, *Indianapolis, etc., R. Co.* v. *Indianapolis, etc., Transit Co.* (1904), 33 Ind. App. 337, 341, 67 N. E. 1013.

The rule as it now exists in Indiana with reference to railroads and highways is well stated by an eminent law writer

as follows: "The general rule to be deduced from the cases is that under a general authority to lay out and establish highways and streets, a road may be laid out across or through railroad grounds, unless the use for railroad purposes would thereby be destroyed or materially impaired. The question is whether the establishment of the highway will be so inconsistent with the use of the property for railroad purposes, that the two uses cannot reasonably and practically coexist." 2 Lewis, Eminent Domain (3d ed.) §417.

The act of 1905 (Acts 1905 p. 219, §§97, 265, §§8700, 8959 Burns 1908), relating to cities and towns, provides, in substance, that a town or city may appropriate or condemn for the use of the city or town "any property, real or personal", and may "open, change, lay out or vacate any street, alley or public place within such city, including proposed street or alley crossings of railways or other rights of way." This statute is general in its terms, and does not specifically authorize the taking of a longitudinal strip of a railroad's right of way for other public purposes.

Appellants propose to take a strip off appellee's right of way, varying in width from about 12 to 23 feet, and up to a line uniformly fifteen feet from the center of its tracks, between Cass street and the cattle-guard north thereof, a distance of about 400 feet. This requires us to determine the right and power of the town of Cicero, under the general statute for opening, vacating and changing highways, to take a longitudinal strip off appellee's right of way for a public street.

Following the foregoing authorities, we hold (1) that it cannot be said as a matter of law that the town cannot by proper proceedings acquire the strip in question for highway purposes, but that in a proper proceeding and upon sufficient proof the law will enable it so to do; (2) that to en-

314    APPELLATE COURT OF INDIANA,

Town of Cicero *v.* Lake Erie, etc., R. Co.—52 Ind. App. 298.

join the town and its officers from proceeding to open the highway as alleged in the complaint the burden rests on the appellee to prove that the town of Cicero had not acquired the right to open said highway in any of the ways recognized by the law; (3) that the finding of facts fails to show that appellants were not proceeding according to law, and the presumption in favor of the regularity and legality of their acts, in opening the highway in question, is therefore not overcome by the finding; (4) that the conclusions of law are erroneous.

Appellees have questioned the sufficiency of the exceptions to the conclusions of law, on the ground that the court made such amendments to the finding, after the exceptions were taken, as to render them unavailing.

But the motion for a new trial challenges the sufficiency of the evidence to support the findings; also alleges that the decision of the court is not supported by sufficient evidence, and that the decision is contrary to law. *Scott* v. *Collier* (1906), 166 Ind. 644, 648, 78 N. E. 184; *Weaver* v. *Apple* (1897), 147 Ind. 304, 306, 46 N. E. 642.

As we have shown, the finding omits certain facts material to appellee's right to the relief prayed, and on examination of the evidence we find a total failure of evidence to prove the same essential facts. Therefore the motion for a new trial should have been sustained, and this makes it unnecessary to consider the technical objections to the conclusions of law, as any view taken of such questions could not avert the necessity of a reversal.

The judgment is therefore reversed, with instructions to the lower court to sustain the motion for a new trial, to permit the parties to amend their pleadings if desired, and for further proceedings in accordance with this opinion.

Note.—Reported in 97 N. E. 389. See, also, under (2, 3, 5) 31 Cyc. 82; (4) 2 Cyc. 730; (6) 22 Cyc. 924; (8, 11) 38 Cyc. 1924; (9) 22 Cyc. 936; (10) 16 Cyc. 1076; (13) 15 Cyc. 612; (14, 15) 15 Cyc. 622. As to the sort of defects in pleading that a verdict

cures, see 1 Am. Dec. 210. As to right of eminent domain in respect of a town's taking or crossing the track of a railroad company, see 9 Am. St. 142. As to a railroad as a public use for which the power of eminent domain may be invoked, see 102 Am. St. 822. On the question of taking railroad lands for municipal purposes, see 2 L. R. A. (N. S.) 227; 41 L. R. A. (N. S.) 828.