## INDIANAPOLIS & VINCENNES RAILROAD COMPANY *v.* INDIANAPOLIS & MARTINSVILLE RAPID TRANSIT COMPANY.

[No. 4,784.   Filed June 25, 1903.   Rehearing denied November 5, 1903. Transfer denied June 9, 1904.]

EMINENT DOMAIN.—*Railroads.*—The power to condemn land which has been appropriated to public use must be conferred by the legislature in express terms or by necessary implication. *p. 341.*

INTERURBAN RAILROADS. — *Eminent Domain.* — *Condemnation of Railroad Right of Way.*—The act of 1901 (Acts 1901, p. 461), giving interurban railroads the right to cross intersecting highways and railroads, does not authorize the appropriation of a railroad right of way longitudinally in whole or in part. *pp. 341-344.*

From Marion Circuit Court (10,987); *H. C. Allen,* Judge.

Proceeding by the Indianapolis & Martinsville Rapid Transit Company to appropriate certain lands for a right of way owned by the Indianapolis & Vincennes Railroad Company. From a decree in favor of plaintiff, defendant appeals. *Reversed.*

*S. O. Pickens,* for appellant.

*C. W. Smith, J. S. Duncan, H. H. Hornbrook* and *A. P. Smith,* for appellee.

ROBY, J.—This was a proceeding by appellee to appropriate as a right of way for its railway certain lands in the possession of and owned by appellant. The appellant is a railroad company organized and incorporated under the act entitled "An act for the incorporation of railroad companies," approved May 11, 1852, and acts amendatory thereof and supplemental thereto, and has, since 1867-1869, owned a line of railroad extending from Indianapolis to Vincennes, Indiana. The appellee is a trolley interurban railroad company, organized April 24, 1901, under the laws of the State of Indiana authorizing the incorporation of street railway companies.

The appellee's proceeding to condemn real estate for a right of way for its proposed railroad from Indianapolis to Martinsville is based upon the act of March 11, 1901 (Acts 1901, p. 461, §5468a Burns 1901). The right of way sought to be acquired by it parallels appellant's railroad track on the southeast side thereof. After the award of damages was filed, appellee filed amended and supplemental petitions or instruments of appropriation, numbered one, two, three, four, and five, respectively, by which it is sought to appropriate and condemn for right of way five several strips of land in Marion county, thirty feet in width, on the southeast side of appellant's railroad track, the northwest lines of said strips being parallel to

and twenty feet from the center line of appellant's said track, each of which strips of land appellant claims is part of its right of way.  Upon the filing of said amended and supplemental petitions the court entered an order in respect to each petition, making appellant a party to the proceeding to set up any interest it might have in the land in question, and authorizing appellee to enter into possession of and construct its railway upon the strips of land described in the petition, and that notice of the pendency of the petition be served upon appellant by delivery of a copy of the petition.  Appellant appeared and filed its exception in respect to each of the amended and supplemental petitions and awards of damages as to each of said strips of land, and also filed its cross-complaint to each of said petitions, alleging that it is a railroad company organized and existing under the laws of the State of Indiana, and owning a line of railroad extending from Indianapolis to Vincennes, and that the strips of land sought to be appropriated by appellee are a part of the right of way of said railroad, which right of way is fifty feet in width on that side of the center of its railroad track, and is in the possession of the appellant, and has been fenced and occupied since the year 1867; that appellee had no right, power, or authority to enter upon and appropriate any part of said fifty-foot strip; that appellant has not consented that appellee may enter upon or occupy any part thereof; that the land on the southeast side of and adjoining said fifty-foot strip for a width of more than one hundred feet is level, and is used for agricultural purposes, and is susceptible of being appropriated for appellee's proposed railroad; and that there are no obstructions to the location and construction of appellee's road thereon.

Appellee answered the several cross-complaints by general denials, and also affirmatively, in substance, that the right of way of appellant for a distance of ———— miles

on each side of the strip of land in controversy is forty feet wide—that is to say, twenty feet on each side of the center of its railroad track; that the thirty-foot strip sought to be appropriated by appellee is not used by or necessary to the appellant, its right of way, the location of its tracks, the exercise of its franchise, or the operation or conduct of its business; that said strip projects thirty feet from the normal width of appellant's right of way; that no side-tracks are laid thereon; that it is not near any station, and can not be used for side-tracks or other purposes; that the use, occupation, and appropriation of said strip is necessary to the construction and operation of appellee's railway line, and will not interfere with the operation and use of appellant's line; and that without the appropriation of said strip of land for the appellee's right of way it will be compelled to diverge from its right of way as surveyed and located to such an extent and in such a manner as will render hazardous, dangerous, and impracticable the construction of its line and operation of its cars.

Appellant replied to the affirmative paragraphs of answer by general denials. The issues were tried by the court. The finding and judgment was against appellant, and a decree was entered adjudging that each of the strips of land, thirty feet in width, described, is subject to appropriation by the appellee for use in the construction and operation of its railway, and that the orders theretofore made authorizing the appellee to enter upon the strips of land and construct and operate its road thereon shall remain and continue in force and effect. Motions for a new trial overruled, and error assigned thereon.

The first and second grounds for new trial are: (1) That the decision of the court is not sustained by sufficient evidence; (2) that the decision of the court is contrary to law.

The statute under which appellant was incorporated conferred power upon it to acquire and hold lands neces-

sary for the construction and maintenance of its railroad, stations, depots, and other accommodations necessary to accomplish the objects for which it was incorporated, and to lay out its route not exceeding six rods wide. §5153 Burns 1901. In the exercise of this power it might lay out its road less than six rods wide, but in the absence of any limitation thereon to the contrary, such right of way extends to the full statutory width, and the land thus acquired is thereafter held to the public use. *Prather* v. *Western Union Tel. Co.*, 89 Ind. 501; *Campbell* v. *Indianapolis, etc., R. Co.*, 110 Ind. 490, 493; Wood, Railroads (2d ed.), §211a.

The power of eminent domain is a prerogative of sovereignty. It is limited only by the public exigency upon which it is founded. All kinds of property are alike subject to it. Property once taken for public use may be taken for a different or inconsistent use whenever, in the judgment of the legislature, the public exigency therefor exists. *Postal Tel., etc., Co.* v. *Chicago, etc., R. Co.*, 30 Ind. App. 654; *City of Terre Haute* v. *City of Evansville*, 149 Ind. 174, 37 L. R. A. 189; *Worcester, etc., R. Co.* v. *Railroad Commissioners*, 118 Mass. 561, 568. The power to condemn land which has theretofore been appropriated to public use must be conferred by the legislature in express terms or by necessary implication. *City of Valparaiso* v. *Chicago, etc., R. Co.*, 123 Ind. 467; *City of Seymour* v. *Jeffersonville, etc., R. Co.*, 126 Ind. 466; *Cincinnati, etc., R. Co.* v. *City of Anderson*, 139 Ind. 490, 47 Am. St. 285; Wood, Railroads (2d ed.), §238. The rule only applies when the second use will injure or destroy the use to which the land was orignially appropriated. *Steele* v. *Empson*, 142 Ind. 397, 406; *Cincinnati, etc., R. Co.* v. *City of Anderson, supra; Gold* v. *Pittsburgh, etc., R. Co.*, 153 Ind. 232; *Baltimore, etc., R. Co.* v. *Board, etc.*, 156 Ind. 260; *Postal Tel., etc., Co.* v. *Chicago, etc., R. Co., supra.* The authority over and the responsibility of main-

taining a material portion of appellant's right of way under the judgment herein rendered passes from the appellant to the appellee. It will be used for the purposes of an independent street railway company, instead of for those for which it was originally taken. *City of Seymour* v. *Jeffersonville, etc., R. Co., supra.*

The act of 1901 in terms confers power upon corporations of appellee's class to acquire and condemn land necessary for the construction of their railroads. Such power is conveyed in general terms, the act being substantially a duplicate of the act of 1852, conferring similar powers upon corporations of the class to which appellant belongs. Acts 1901, p. 461, §§5153, 5160, 5468a, 5468e Burns 1901.

No express authority to take lands already appropriated to railroad puropses is thereby conferred upon either class of corporations. Under the act of 1901 appellee was authorized "to construct its road upon or across any stream of water, watercourse, road, highway, railroad or canal, so as not to interfere with the free use of the same, which the route of its road shall intersect, in such manner as to afford security for life and property; but the corporation shall restore the stream or watercourse, road or highway, thus intersected, to its former state," etc. §5468a, *supra,* subd. 5. The right to cross intersecting highways and railroads thus in terms conferred by the language used does not purport to authorize the appropriation of a railway right of way longitudinally in whole or in part.

Neither is such power conferred by necessary implication. "The general authority to lay out a railroad does not authorize the location over land already devoted to another public use." *City of Valparaiso* v. *Chicago, etc., R. Co., supra; Alexandria, etc., R. Co.* v. *Alexandria, etc., R. Co.,* 75 Va. 780, 790, 40 Am. Rep. 743; *Providence, etc., R. Co.* v. *Norwich, etc., R. Go.,* 138 Mass. 277, 278. "If an implication is to be relied upon, it must appear

from the face of the enactment, or from the application of it to the particular subject-matter of it, so that by reasonable intendment, some special object sought to be obtained by the exercise of the power granted could not be reached in any other place or manner." *Matter of City of Buffalo,* 68 N. Y. 167, 175; *Providence, etc., R. Co.* v. *Norwich, etc., R. Co., supra; Boston, etc., R. Co.* v. *Lowell, etc., R. Co.,* 124 Mass. 368; *Butte, etc., R. Co.* v. *Montana Union R. Co.,* 16 Mont. 504, 41 Pac. 232, 31 L. R. A. 298, 50 Am. St. 508.

Appellee's claim of necessity goes no farther than that except "said strip so claimed by said Indianapolis & Vincennes Railroad Company should be condemned and appropriated, as sought by these proceedings, to the use of the rapid transit company, that otherwise said rapid transit company will, without cause, be compelled to diverge from its right of way as surveyed and located to such an extent and such a manner as it will render hazardous, dangerous, and impracticable the constructing of its lines and the operation of its cars." The conclusions stated are not sustained by the proof made. In order to join its right of way to that of appellant, and keep its tracks straight, appellee seeks to reduce the width of appellant's right of way throughout its length to the width it now has at its narrowest place. These facts are not sufficient to justify the implication of a legislative intent to empower appellee to appropriate any portion of appellant's right of way. They are sufficient, perhaps, to show that it is convenient to pursue the course indicated, but the mere matter of convenience is not sufficient to raise the implication of legislative intent.

The supreme court of Vermont, upon very much stronger facts than those herein involved, said: "The commissioners have not reported any facts showing a necessity for the Barre company to lay its track upon the land of the Montpelier & White River Company. The

only suggestion in argument is that it would enable the former company to avoid a sharp curve. * * * The proposition of law involved is so well established and the facts reported fall so far short of the requirements in order to grant the relief sought, that more extended discussion of the point is not warranted." *Barre R. Co.* v. *Montpelier, etc., R. Co.,* 61 Vt. 1, 17 Atl. 923, 15 Am. St. 877, 4 L. R. A. 785.

The absence of legislative authority conferring upon appellee the right to appropriate the lands described in the instrument of appropriation requires the reversal of the judgment. Other questions discussed, in the absence of such right, are not involved in this decision.

Judgment reversed, and cause remanded, with direction to sustain appellant's motion for a new trial and for further proceedings.

Henley, J., concurs in result. Robinson, C. J., Comstock, P. J., Black and Wiley, JJ., concur.