*J. N. Worley,* for plaintiff in error. *Dean & Hobbs,* contra.

---

CITY OF ELBERTON *et al. v.* HOBBS.

FISH, P. J. 1. Failure to secure the property by contract, by reason of the inability of the parties to agree upon the compensation to be paid therefor, is an essential prerequisite to the condemnation of private property for public uses. Civil Code, §§ 4658, 4659.

2. The grant of an interlocutory injunction was not erroneous.

*Judgment affirmed. All the Justices concur.*

Argued December 19, 1904. — Decided January 28, 1905.

Injunction. Before Judge Holden. Elbert superior court. November 14, 1904.

The City of Elberton served upon the plaintiff a notice of its desire to condemn the right to use water from Beaver Dam creek for its waterworks and sewerage system, naming an assessor and requesting the naming of one by the plaintiff, these two to name a third, and the three to meet on the premises and assess the damage to be done to the plaintiff's property. She thereupon

petitioned for an injunction to stop the proposed condemnation proceeding, alleging, among other things, that she needs all the water of the creek flowing over her property, for the purpose of properly operating and developing it; that she intends soon to reconstruct the dam (which has been washed away by high water) so as to operate her mill and gin machinery, and it is essential to her rights that no part of the water be permanently diverted from the stream; that even a partial diversion of the water would ruin the value of the property as a water power, and cause to her damage that could not be estimated and for which she could not be adequately compensated; that the city has no legal power to condemn the water or the right to divert it from the creek; and that, even if it had such authority, it has made no effort to procure from her any property or right, has refused to negotiate with her or to offer her any price for the same or to request her to name a price, etc. The city answered, that the plaintiff would not be damaged by anything it contemplated doing in the erection and operation of its waterworks and in diverting water from the creek; and that, knowing that she claimed a large amount of damages as liable to accrue to her therefrom, and knowing that there was no chance to arrive at a just and fair adjustment of the difference between her and the city by any offer to pay or to settle, it proceeded to condemn the right to use the water. On the hearing it introduced the affidavit of a civil engineer of experience, to the effect that the amount of water that would be diverted by the city would not affect the water power at the plaintiff's mill. The injunction was granted, and the city excepted.

*Joseph N. Worley*, for plaintiff in error, cited Civil Code, § 4686; Acts 1897, p. 34; Acts 1896, p. 151; *Ga. R.* 115/560; 98/103; 70/614; 77/338.

*Dean & Hobbs*, contra.