## CHICAGO, R. I. & G. RY. CO. v. TARRANT COUNTY WATER CONTROL & IMPROVEMENT DIST. NO. I.

### No. 12860.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 14, 1934.

Rehearing Denied Sept. 28, 1934.

C. T. Gettys, of Decatur, and Robert Harrison, of Fort Worth, for appellant.

Samuels, Foster, Brown & McGee, of Fort Worth, Burch & Woodruff, of Decatur, and Ireland Hampton, of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

The Chicago, Rock Island & Gulf Railway Company has prosecuted this appeal from a judgment of the county court of Wise county awarding to the appellee, the Tarrant county water control and improvement district, who instituted the proceeding, the right to condemn a certain portion of the railway track of the appellant and fixing the amount of damages to be paid in the sum of $128,538.

Pending this appeal, this court certified to our Supreme Court for its determination the measure of damages to which appellant was entitled. In answer to that certificate, the Supreme Court fixed the measure of such damages at the sum of $243,000, and the appeal is now before us for final decision.

The opinion of the Supreme Court referred to above now appears in the 73 S.W.(2d) 55. In that opinion is a full review of the organization and establishment of the water improvement district, the facts developed upon the trial of the case in the county court, which in the main were embodied in the agreement of counsel for both parties, and the judgment rendered thereon; and a repetition thereof is unnecessary here.

As shown in the opinion of our Supreme Court, as a result of the right of condemnation awarded by the county court of appellant's railway track of 3.9791 miles, the railway company will be compelled to abandon 9.54 miles of its track, including the 3.9791 miles which will be actually destroyed, and the two dead ends thereof lying between the point where the new proposed line of railway will begin and the point where it will terminate, and that the measure of the railway company's damages will be the value of that portion of the tract, to wit, $243,000. The court rejected the claim of the railway company for the cost of constructing 10.65 miles of track to take the place of the 9.54 miles of track it will be compelled to abandon, and also its claim for increased cost of operating the new track.

The railway company is engaged in interstate commerce and is subject to the provisions of the Transportation Act of Congress, adopted February 28, 1920, which requires a certificate of convenience and necessity from the Interstate Commerce Commission before a railroad company is allowed to abandon a part of its line of railroad and construct a new line. We quote the following from paragraph 18, § 1 of that act (49 USCA § 1(18): "No carrier by railroad subject to this chapter shall undertake the extension of its line of railroad, or the construction of a new line of railroad * * * unless and until there shall first have been obtained from the commission a certificate that the present or future public convenience and necessity require or will require the construction, or operation, or construction and operation, of such additional or extended line of railroad, and no carrier by railroad subject to this chapter shall abandon all or any portion of a line of railroad, or the operation thereof, unless and until there shall first have been obtained from the commission a certificate that the present or future public convenience and necessity permit of such abandonment."

■■ It does not appear that any certificate from the Interstate Commerce Commission authorizing the abandonment of the 9.54

miles of its present track and the construction of the new track, 10.65 miles in length, has been applied for or granted. Appellant insists that the burden resting upon the appellee to show a clear right of condemnation would include a duty upon its part to procure from the Interstate Commerce Commission such a certificate as is provided for in this statute. And in this connection appellant cites the decision of the United States Supreme Court in Atchison, T. & S. F. Ry. Co. v. Railroad Commission, 283 U. S. 380, 51 S. Ct. 553, 75 L. Ed. 1128, in which it was held, quoting from the headnotes of the opinion: "The power of the Interstate Commerce Commission, under section 1, paragraphs 18–20, of the Interstate Commerce Act, to issue a certificate of public convenience and necessity for the relocation of tracks, extends to issuance upon application of those who, though not carriers, have a proper interest in the subject-matter, in a proceeding adverse to the carriers affected and over their protest."

However, it will be observed that that announcement did not go to the extent of sustaining the contention now urged by appellant, the logical sequence of which would be to say that the right of eminent domain, vested in the state is subservient to the authority of Congress, and therefore cannot be exercised without first complying with the provisions of the Transportation Act of Congress, noted above. Such a contention is unsound, since, as held by the Court of Appeals of New York in the case of Board of Hudson River Regulating District v. Fonda, J. & G. Ry. Co., 249 N. Y. 445, 164 N. E. 541, and decisions of the United States Supreme Court cited in the opinion in that case, the right of the state to exercise its power of eminent domain has not been surrendered to the federal government, even though interstate commerce may be indirectly or incidentally involved.

The opinion by the Supreme Court in answer to certified question is a complete answer to appellant's contention that it should be allowed damages for the cost of the construction of the 10.65 miles of new track; and also its further claim for the increased cost of operating that substitute line of track.

■ The decision of the Supreme Court, decreeing that the railroad company is entitled to $243,000, the value of the 9.54 miles of track, cannot now be questioned by the appellee for alleged lack of proper pleading to allow damages for more than the 3.9791 miles of track to be actually destroyed.

■ The judgment of the trial court awarded the railroad company damages in the sum

of $128,538 on condition that the water district should make a lawful deposit of $257,076, with this further provision: "Due to the fact that the property by this decree placed under condemnation of an easement is property affected with a public interest and use, and that the public interest should be guarded by this decree, it expressly is ordered that the writ of possession may not issue, in any event, until there has elapsed a reasonable time within which defendants, Chicago, Rock Island & Gulf Railway Company, Southwestern Bell Telephone Company and the Western Union Telegraph Company, may provide substitute facilities adequate to protect the public interest, and preserve the service now being furnished by the facilities hereby placed under condemnation: As to this, the court finds and decrees that six (6) months next after plaintiff, Tarrant County Water Control and Improvement District Number One shall have paid the compensation, or made the deposit of money, as hereinbefore is decreed, is a reasonable time within which such substitute facilities may be provided; no writ of possession may issue at a prior time."

That allowance of six months time within which the railroad company may "provide substitute facilities adequate to protect the public interest, and preserve the service now being furnished by the facilities hereby placed under condemnation" has not been challenged by the appellee either in the trial court or in this court by any cross-assignment.

As settled by the Supreme Court, the judgment of the trial court was erroneous in that appellant should have been allowed damages in the sum of $243,000.

The record shows that appellee deposited the $257,076, the amount required by the trial court, on August 18, 1933, more than six months prior to this date, and appellee has filed with this court an application for the issuance of a writ of possession now, in accordance with the terms of that judgment. However, it was the evident purpose of the trial court that the six months' period fixed within which appellee would be allowed to substitute other facilities for handling its traffic should begin with a correct determination of the amount of damages to which appellant is entitled and which it could accept if it elected to do so. Therefore we have reached the conclusion that the six months so allowed should begin from the date of the reformation of the judgment of the trial court now decreed by this court.

Accordingly, the judgment of the trial court will be so reformed as to allow a recovery by Frank O. Lowden, James E. Gorman, and Joseph B. Fleming, trustees of appellant, for the sum of $243,000 in full satisfaction of its claim for damages. But no writ of possession shall be issued in favor of appellee for the 9.54 miles of track for which damages are allowed until after the expiration of six months from the date of this decree; but, if the said trustees of appellant shall elect to receive the $243,000 fixed by the Supreme Court as the measure of its damages in full satisfaction of its demands, prior to the expiration of said six months' period, then appellee shall have the right to its writ of possession immediately.

As so reformed, the judgment of the trial court is in all things affirmed, and appellee's application for the issuance of its writ of possession forthwith is refused. Costs of this appeal will be taxed against appellee.

On Motions for Rehearing.

In our original opinion, we said that the judgment of the trial court should be so reformed as to allow a recovery by appellant's trustees of the sum of $243,000. That statement is withdrawn, since the trustees were not parties at the time of the trial, and in lieu of that statement we will now say that the judgment of the trial court will be and the same is hereby so reformed as to allow the Chicago, Rock Island & Gulf Railway Company a recovery for the sum of $243,000 in full satisfaction of its claim for damages, subject to the right of interveners, Frank O. Lowden, James E. Gorman, and Joseph B. Fleming, its trustees in bankruptcy, to collect same.

It was our opinion on original hearing that the same equitable reasons which prompted the trial court in granting the six months' period mentioned, within which the railway company would have the right to substitute facilities to take the place of those condemned and which finding was not challenged, should likewise apply to the judgment as reformed, since to hold otherwise would be to deny to the railway company the benefits of the equities so found in its favor. And that conclusion was reached irrespective of the application of the railway company filed pending the appeal for an injunction to restrain the water improvement district from taking possession prior to a disposition of the appeal.

Pending the appeal in this case, and before the rendition of the judgment of this court, appellee filed in the trial court an application

for the immediate issuance of a writ of possession of the 3.9791 miles of track which would be actually inundated by the proposed condemnation. That application was based on the fact that since the six months' period fixed by the trial court as the period which should expire before the issuance of the writ of possession had already terminated, the appellee was entitled to immediate possession of that portion of the railway track, without waiting for a disposition of the appeal, under and by virtue of the provisions of chapter 275 of the Acts of the 42d Legislature (Vernon's Ann. Civ. St. art. 7880—126 and note) and article 3264a, Rev. Civ. Statutes. The writ so desired was not issued due to the pendency in this court of a motion for injunction, whereby appellant sought to restrain appellee from pursuance of the writ. This motion for injunction had not been determined prior to the day of the filing of our opinion upon the merits of this appeal. On that day the motion for injunction was overruled.

With the foregoing corrections and explanations, the motion of appellee for rehearing and for reformation of our former judgment is overruled.

Appellant has also filed a motion for rehearing, again insisting upon the assignments of error which have been discussed and determined on original hearing, with the further argument that the denial to the railway company of the right to recover the costs of a new railway line that must be built to replace that portion of its present line which will be destroyed by the condemnation proceedings, plus the agreed amount of extra expense that will be required for operation of the new line, would be a denial of the right guaranteed to it by the Fourteenth Amendment of the Constitution of the United States. That contention was necessarily overruled by the decision of the Supreme Court in expressly denying the right to those items of damage; and that decision is conclusive upon that point.

The appellant also presents a federal question, to wit, that the federal law imposes on the appellee the duty of procuring from the Interstate Commerce Commission the statutory certificate of convenience and necessity before the appellant may abandon that part of its line that will be destroyed by the lake, and before the new line to replace this destroyed segment may be built. We have considered this contention, and it is likewise overruled.

The other grounds urged by appellant for rehearing have been duly considered, and its motion for rehearing is in all respects overruled.