MILLER *v.* STATE HIGHWAY DEPARTMENT.

HEAD, Justice. 1. In the condemnation of property for public road purposes under the Code, Chapters 36-1 to 36-6, inclusive, it is necessary, preliminary to the commencement of the proceedings, for the condemnor to make an effort to agree with the owner of the property upon the price to be paid for the land. Code, §§ 36-302, 36-303; *City of Elberton* v. *Hobbs*, 121 *Ga.* 750 (49 S. E. 780); *Bridwell* v. *Gate City Terminal Co.*, 127 *Ga.* 520 (8), 535 (56 S. E. 624, 10 L. R. A. (N. S.) 909); *Piedmont Mills* v. *Ga. Ry. & Elec. Co.*, 131 *Ga.* 137 (4) (62 S. E. 52); *City of Atlanta* v. *Austell*, 146 *Ga.* 456 (91 S. E. 478). Where, as in this case, the plaintiff alleges that neither the State Highway Department, nor any one for it, has offered to pay him for his property, such allegation is insufficient to disclaim proper negotiations for the right of way sought to be condemned. Under the Code, § 95-1721, it is made the duty of the proper county authorities to assist in procuring rights of way for State-aid roads and to pay for the same out of the county treasury. Therefore negotiations by such county authority, in an effort to agree with the owner of the property to be taken, are not only authorized but required under the section cited. It is shown by the evidence of the sole commissioner of Stewart County that he stated to the plaintiff that he "wanted to pay him the purchase-price, if they could agree on it or leave it to arbitration," and the plaintiff replied that he "did not want either one and would not do either one, that he did not want the road at this place." The requirement that the condemnor make an effort to agree with the property owner upon the price to be paid was sufficiently complied with by the action of the county commissioner as above set forth, and it was not necessary that any representative of the State Highway Department negotiate with the plaintiff further before the filing of condemnation proceedings.

2. The plaintiff in error alleged in his petition that the route from Lumpkin to Preston through Richland was a State-aid road. The State Highway Department under the Code, § 95-1708, has the right to resurvey and relocate in their entirety any or all of the State-aid roads, keeping in view only the control points, which in this instance are indisputably the same. Since the plaintiff in error, however, did not raise the question in his petition that the route through Richland on Nicholson Street had not been duly authorized, relocated, and approved by the State Highway Department, he can not raise the question for the first time in his bill of exceptions. Other questions not raised by the plaintiff's petition and not passed on by the trial court, but raised for the first time by the bill of exceptions, can not be considered by this court.

3. "A court of equity will not interfere with the discretionary action of the State Highway Department in locating, grading, and improving a proposed State-aid highway, within the sphere of their legally designated powers, unless such action is arbitrary and amounts to an abuse of discretion." *Crump* v. *State Highway Department*, 191 *Ga.* 130 (12 S. E. 2d, 310), and cases cited. The evidence authorized a finding by the trial judge that the action of the State Highway Department in the relocation of the highway from Lumpkin in Stewart County, through Richland, to Preston in Webster County, was not an abuse of its discretionary powers.

*Judgment affirmed. All the Justices concur.*

No. 15401. FEBRUARY 20, 1946. REHEARING DENIED MARCH 5, 1946.

*Dykes & Dykes,* for plaintiff.

*Eugene Cook, Attorney-General, G. Y. Harrell, R. S. Wimberly,* and *L. C. Groves, Assistant Attorney-General,* for defendant.