### 19007. ELBERTON SOUTHERN RAILWAY COMPANY *v.* STATE HIGHWAY DEPARTMENT OF GEORGIA.

HAWKINS, Justice. 1. While the State Highway Department can exercise no power except that granted (*Irwin* v. *Crawford,* 210 *Ga.* 222, 78 S. E. 2d 609; *Georgia Power Co.* v. *Georgia Public Service Commission,* 211 *Ga.* 223 (2), 85 S. E. 2d 14), by Code (Ann. Supp.) § 95-1504 it is provided that the Highway Department is "To have charge and control of all road or highway work designated or provided for, or done by the State or upon the State-aid roads." By Code § 95-1705 it is empowered to designate or locate all State-aid roads, and by Code (Ann. Supp.) § 95-1728, to designate and take charge of any streets as a part of the State-aid system of roads within municipalities without the consent of the cities involved; to relocate any State-aid road (Code § 95-1708), and is vested with full control and supervision of all State-aid roads. Code § 95-1721. By Code (Ann. Supp.) § 95-1715 and Code § 95-1724 it is vested with the right to condemn for road and allied purposes, and in the latter section is specifically authorized to act "for and in behalf of the State" in the exercise of the right of eminent domain in the condemnation of rights-of-way and property thereon for the use of the

system of State highways. Thus, a condemnation proceeding instituted by the "State Highway Department of Georgia, acting for and in behalf of the State of Georgia, as plaintiff and condemnor, and [which] in the exercise of its power of eminent domain, brings this action for condemnation," whereby it seeks to acquire a right-of-way for a State-aid road, is an action by the State. *Tounsel* v. *State Highway Dept.*, 180 *Ga.* 112, 116 (178 S. E. 285); *State Highway Dept.* v. *Parker*, 75 *Ga. App.* 237, 240 (43 S. E. 2d 172).

2. While it is the rule that one exercising a *delegated* power of eminent domain may not condemn property already devoted to a public use unless power to do so be conferred in express terms, or by necessary implication, and in determining whether or not such power has been conferred the rule of strict construction will be applied, where such express power is conferred by the State upon one to whom it has delegated the right to exercise the power of eminent domain, property which is already devoted to a public use may be subjected to an additional or different public use by the one exercising such delegated authority. *City Council of Augusta* v. *Georgia R. & Bkg. Co.*, 98 *Ga.* 161 (26 S. E. 499); *Georgia No. Ry. Co.* v. *City of Moultrie*, 163 *Ga.* 513 (136 S. E. 415); *Louisville & Nashville R. Co.* v. *Postal Telegraph-Cable Co.*, 143 *Ga.* 331 (85 S. E. 110); *Lee County* v. *Mayor &c. of Smithville*, 154 *Ga.* 550 (115 S. E. 107); *County of Floyd* v. *Rome Street R. Co.*, 77 *Ga.* 614 (3 S. E. 3). An examination of these authorities will disclose that, where the condemnor is one exercising a *delegated* power of eminent domain, the rule of strict construction is applied in determining whether there has been conferred upon the condemnor the express or implied authority to divert property already devoted to a public use to a new and different public use. If it has, the condemnor may proceed. If such power has not been so delegated by the sovereign, it may not. It follows, therefore, that the sovereign, admittedly able to delegate such power, necessarily possesses that power inherently, for only if the sovereign be inherently vested with this power in its own behalf, could it delegate that power to a subordinate corporation. The Constitution of this State, article 4, section 2, paragraph 1 (Code, Ann., § 2-2501), provides that "The exercise of the right of eminent domain shall never be abridged, nor so construed as to prevent the General Assembly from taking property and franchises, and subjecting them to public use." See Code § 36-101 et seq.; *Kohl v. United States*, 91 U. S. 367 (23 L. ed. 449); *City of Norton v. Lowden*, 84 Fed. 2d 663.

3. Where, as here, the State, the sovereign itself, is acting by and through its duly constituted agency, the State Highway Department, it has paramount authority in the matter of taking any property within its boundaries for those public uses to which it may reasonably devote such property, including that which has already been devoted to a different public use. *State of Georgia v. City of Chattanooga*, 264 U. S. 472 (44 Sup. Ct. 369, 68 L. ed. 796). Hence the trial judge did not err in overruling the demurrer filed by the railway company to the petition brought by the State Highway Department to condemn a portion of the railroad right-of-way for public-road purposes, which demurrer attacked the petition upon the ground that the petition showed on its face that the property sought to be condemned is already dedicated by the defendant

railway company to a public use, and that the petitioner is without power or authority to appropriate the property in question to another and different public use under the proceeding now before the court. Code § 95-1724. See also, in this connection, Delaware & Hudson R. Corporation v. Public Service Commission, 254 N. Y. S. 578 (234 App. Div. 129), and numerous authorities there cited; United States v. City of Tiffin, 190 Fed. 279; United States v. Gettysburg Electric Railway Co., 160 U. S. 668 (16 Sup. Ct. 427, 40 L. ed. 576); Western Union Telegraph Co. v. Pennsylvania Railroad Co., 120 Fed. 362; Indianapolis & V. R. Co. v. Indianapolis & M. Rapid Transit Co., 33 Ind. App. 337 (67 N. E. 1013).

4. The railway company, by its special plea and by its plea and answer as amended, alleged that the land sought to be condemned by the Highway Department was already dedicated to public use; that the railway company at the place here involved owned a right-of-way extending one hundred feet from the center of its main line; that the Highway Department seeks to appropriate a strip of land sixty feet in width and approximately three miles in length, splitting the one hundred foot right-of-way, and ranging in distance from the main line track from twelve to not exceeding forty feet at any point; that it is located beginning in the city limits of the City of Toccoa and extending to a rather large manufacturing plant some three miles distant. The railway company alleged in substance that to take its right-of-way would seriously impair, if not completely destroy, its power to perform its public duty as a common carrier of interstate commerce; the reasons, among others, being that it must have space for storing crossties, lumber, bridge material, and its machinery; that these crossties, which are sometimes fifteen or sixteen feet in length, must be removed and replaced; that it must have room for the roadbed and drainage; that in modern methods of handling, it must use crawler cranes to keep its right-of-way clear with booms extending thirty-five to forty feet in length therefrom, or else return to more expensive methods of using manual labor; that to allow a State highway to exist so near the track creates a hazard to the railway company's employees and to the public using the highway, and would place upon the railway company an undue burden as an interstate common carrier, and an undue burden upon interstate commerce; and the company sought to enjoin the further prosecution of the condemnation proceeding. To the special plea and defendant's plea and answer the condemnor demurred upon the ground that these pleadings asserted no reason why the condemnation case should not proceed as provided by law; that none of the reasons asserted show any sound legal reason why the condemnation proceeding should not proceed and the land described in the condemnation proceeding should not be taken and dedicated to the public purpose alleged in the petition. These demurrers the trial judge sustained and struck these defensive pleadings. To this judgment the railway company also excepted. *Held:*

(a) Under the authorities cited in the preceding division of the opinion, the State, by and through the Highway Department has the power and authority to condemn the property already devoted to a public use and appropriate it to another and different public use, by paying just compensation therefor, and the fact that the taking of the property sought

to be condemned may put the railway company to additional expense in maintaining that part of its property which remains, and interfere with its use of mechanical equipment in the maintenance of its track and roadbed, are questions which relate to the value of the property taken, and the consequential damages to the remaining property, and not to the right to condemn.

(b) A court of equity will not interfere with the discretionary action of the State Highway Department in locating and improving a proposed State-aid highway within the sphere of its legally designated powers, unless such action is arbitrary and amounts to an abuse of discretion. *Crump* v. *State Highway Dept.*, 191 *Ga.* 130 (12 S. E. 2d 310); *Miller* v. *State Highway Dept.*, 200 *Ga.* 485 (3) (37 S. E. 2d 365); *Lee County* v. *Mayor &c. of Smithville*, 154 *Ga.* 550, supra; *Patterson* v. *State Highway Dept.*, 201 *Ga.* 860 (41 S. E. 2d 260). Nothing is alleged to show arbitrary action or an abuse of discretion on the part of the Highway Department.

(c) While under article 1, section 8, paragraph 3, of the Constitution of the United States (Code § 1-125), Congress has the exclusive power to regulate interstate commerce, and while the courts have held that a State cannot impose undue burdens on interstate commerce (*Sherlock* v. *Alling*, 93 U. S. 99, 23 L. ed. 819; *Brown* v. *Houston*, 114 U. S. 622, 5 Sup. Ct. 1091, 29 L. ed. 257), a State has an inherent and reserved right to regulate its local, domestic and internal commerce, even though by so doing it may indirectly or incidentally affect interstate commerce. *Boston & M. R. R.* v. *Armburg*, 285 U. S. 234 (52 Sup. Ct. 336, 76 L. ed. 729). A State may exercise the power of eminent domain although interstate commerce may be indirectly or incidentally involved. *Chicago, R. I. & G. Ry. Co.* v. *Tarrant County Water Control & Improvement Dist. No. 1* (Tex. Civ. App.), 76 S. W. 2d 147. See also *Board of Hudson River Regulating Dist.* v. *Fonda, J. & G. R. Co.*, 249 N. Y. 445 (164 N. E. 541); *Erie R. R. Co.* v. *Board of Public Utility Commissioners*, 254 U. S. 394 (41 Sup. Ct. 169, 65 L. ed. 322); *Denver & Rio Grande R. Co.* v. *City and County of Denver*, 250 U. S. 241, 246 (39 Sup. Ct. 450, 63 L. ed. 958); *Wrigley Pharmaceutical Co.* v. *Cameron*, 16 Fed. 2d 290. Under the foregoing authorities, the special plea and the plea and answer of the railway company were insufficient to show any undue interference with or burden upon interstate commerce, and the trial court did not err in sustaining demurrers thereto.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Wyatt, P. J., who dissent.*

ARGUED JULY 11, 1955—DECIDED SEPTEMBER 13, 1955—REHEARING DENIED OCTOBER 13, 1955.

*R. F. Schuder, Wheeler, Robinson & Thurmond,* for plaintiff in error.

*Eugene Cook, Attorney-General, Paul Miller, Andrew J. Tuten, Assistant Attorneys-General, Lamar N. Smith,* contra.