

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-24-2006

# Gallenthin Realty v. BP Prod NA Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1822

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Gallenthin Realty v. BP Prod NA Inc" (2006). *2006 Decisions.* Paper 1719.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1719

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1822

GALLENTHIN REALTY DEVELOPMENT, INC.; GEORGE A. GALLENTHIN,
III, LTC, HUSBAND; CYNTHIA L. GALLENTHIN, WIFE

v.

BP PRODUCTS OF NORTH AMERICA, INC. d/b/a BP OIL COMPANY;
ESSEX CHEMICAL CORPORATION; DOW CHEMICAL COMPANY;
COMMERCE BANK/HARRISBURG NATIONAL ASSOCIATION
d/b/a COMMERCE BANK, N.A.;
TRIAD ADVISORY SERVICES, INC. d/b/a TRIAD ASSOCIATES, INC.;
URS CORPORATION; PARKER MCCAY & CRISCUOLO, P.A.;
GLOUCESTER COUNTY IMPROVEMENT AUTHORITY;
BOROUGH OF PAULSBORO

Gallenthin Realty Development, Inc.;
LTC George A. Gallenthin, III, Husband;
Cynthia L. Gallenthin, Wife,
Appellants

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 04-cv-04849)
District Judge: Honorable Edmund V. Ludwig

Submitted Under Third Circuit LAR 34.1(a)
January 12, 2006

Before: BARRY,  AMBRO and ALDISERT, Circuit Judges

(Filed: January 24, 2006)

---

OPINION

---

AMBRO, <u>Circuit Judge</u>

This case arises from Plaintiffs' contemplated redevelopment of their real estate

located in the Borough of Paulsboro, Gloucester County, New Jersey.[1] Plaintiffs filed a

complaint alleging claims for declaratory judgment, fraud, and unjust enrichment. The

United States District Court for the Eastern District of Pennsylvania ruled that it lacked

subject matter jurisdiction over those claims notwithstanding Plaintiffs' invocation of 28

U.S.C. § 1331, the River and Harbors Improvement Act, 33 U.S.C. §§ 540 *et seq*., and the

Commerce Clause, U.S. Const. art. I, § 8, cl. 3. For the reasons explained below, we

affirm the order of the District Court dismissing for lack of jurisdiction.

## I. Facts and Procedural Background

As we write for the parties, only a brief summary of pertinent facts is necessary.

Plaintiffs own a 63-acre parcel of land, currently operated as a disposal facility, that fronts

the Delaware River. Since 1996, Plaintiffs have taken steps in anticipation of a complete

redevelopment of the site, including failed attempts to purchase two contiguous

---

[1]The plaintiffs include Gallenthin Realty Development, Inc., and its owners, LTC George A. Gallenthin, III and Cynthia L. Gallenthin, husband and wife (hereinafter "Plaintiffs"). The defendants include BP Products of North America, Inc., Essex Chemical Corporation, Dow Chemical Corporation, Commerce Bank/Harrisburg National Association, Triad Advisory Services, Inc., URS Corporation, Parker, McCay & Criscuolo, P.A., the Gloucester County Improvement Authority, and the Borough of Paulsboro (hereinafter "Defendants").

properties—a 130-acre parcel owned by defendant BP Products of North America, Inc. (BP) and a 60-acre parcel owned by defendant Dow Chemical Company (Dow). Moreover, in July 2003, Plaintiffs submitted a "Waterfront Development Permit Application" to the New Jersey Department of Environmental Protection.

According to Plaintiffs, Defendants devised a scheme to thwart their proposed redevelopment and thereby deprive Plaintiffs of their property rights. Specifically, they allege that in March 2002, representatives of BP, Dow, and Essex Chemical Corporation (Essex) met with representatives of Triad Advisory Services, Inc., URS Corporation, the Borough of Paulsboro (Borough) and the Gloucester County Improvement Authority to develop a plan to exercise unlawful dominion and control over Plaintiffs' property that would financially benefit Defendants to Plaintiffs' detriment. The complaint alleges that this scheme came to fruition in May 2003, when the Borough adopted an ordinance approving a "Redevelopment Plan" under the Local Housing and Redevelopment Law, New Jersey Stat. Ann. § 40A:12A-7, which resulted in the designation of Plaintiffs' property, among others, as an "area in need of redevelopment."

In response to the acts of the Borough, Plaintiffs filed a complaint against the Borough, the Paulsboro Planning Board, and the Paulsboro Redevelopment Agency in the Superior Court of New Jersey, Gloucester County, challenging the validity of the ordinance. The Superior Court dismissed the complaint, concluding that Plaintiffs could not demonstrate that the public entities named in the lawsuit had acted arbitrarily and capriciously in designating their property and other properties as an area in need of

3

redevelopment.  Plaintiffs timely appealed the dismissal of their complaint to the

Appellate Division.

During the pendency of their state court appeal, Plaintiffs filed this case in federal

District Court, again challenging the validity of the Borough's action – this time naming a

number of private parties as defendants and contending that they engaged in a joint effort

to deprive them of their property.[2]  Plaintiffs contend that the District Court had federal

question jurisdiction over the action pursuant to 28 U.S.C. § 1331, as they asserted claims

arising under the River and Harbor Improvement Act and the Commerce Clause.  The

complaint also alleged common law fraud and unjust enrichment claims.  All Defendants

moved to the dismiss the complaint, interposing (1) lack of subject matter jurisdiction, (2)

lack of ripeness, (3) abstention doctrine dictates, and (4) failure to state a claim upon

which relief can be granted.

The District Court entered an order dismissing Plaintiffs' complaint on the ground

that they had failed to allege any basis for the exercise of federal subject matter

jurisdiction.  Specifically, the Court ruled that (1) the River and Harbor Improvements

Act did not provide a private right of action and, therefore, could not afford Plaintiffs a

predicate for jurisdiction, regardless whether the alleged violations occurred and (2) the

Commerce Clause did not offer a basis for the exercise of federal jurisdiction because no

facts were alleged to suggest that the Borough's designation of Plaintiffs' property as an

---

[2]The Paulsboro Planning Board and the Paulsboro Redevelopment Agency were not
named as defendants in Plaintiffs' federal action.

4

area in need of redevelopment materially affects interstate commerce. Rather, the Court explained, "[t]he factual allegations in the complaint, taken as true, are a private individual's challenge to the exercise by a municipality of its power to enact local land use law; no more. Without a sound basis for the exercise of federal jurisdiction, this action must be dismissed." The District Court further held that even if it were to grant Plaintiffs' motion for leave to amend their complaint to allege some other basis for federal jurisdiction, that amendment would be futile because Plaintiffs' claims "are not ripe and because the doctrine of abstention would not permit the exercise of jurisdiction." This appeal followed.

## II. Standard of Review

We have jurisdiction under 28 U.S.C. § 1291 and exercise plenary review over the District Court's order dismissing Plaintiffs' complaint for lack of subject matter jurisdiction. *See, e.g.*, *In re Kaiser Group Intern. Inc.*, 399 F.3d 558, 561 (3d Cir. 2005); *Turicentro, S.A. v. American Airlines Inc.*, 303 F.3d 293, 300 (3d Cir. 2002) (citing *Gould Elec. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000)). In the appeal from the grant of a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "'we review only whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court.'" *Turicentro*, 303 F.3d at 300 (quoting *Licata v. United States Postal Serv.*, 33 F.3d 259, 260 (3d Cir. 1994)). "Challenges to subject matter jurisdiction under Rule 12(b)(1) may be 'facial' or 'factual.' Facial attacks, like the one here, contest the sufficiency of

5

the pleadings, and the trial court must accept the complaint's allegations as true."

*Turicentro*, 303 F.3d at 300, n.4 (citing *NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 341 n.7 (3d Cir. 2001)).

## III. Discussion

Federal district courts have subject matter jurisdiction over all civil actions that arise either (1) under the Constitution, laws or treaties of the United States (called federal question jurisdiction), or (2) between citizens of different states where the matter in controversy exceeds $75,000 (referred to as diversity jurisdiction).  28 U.S.C. §§ 1331-1332.  Plaintiffs here do not submit that the District Court has subject matter jurisdiction based on diversity of citizenship.  Instead, their complaint expressly alleges federal question jurisdiction because the claims arise under the Constitution and statutory law of the United States.

A claim arises under federal law if it is apparent from the face of the plaintiff's complaint that the plaintiff's cause of action was created by federal law.  *See Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 353 (3d Cir. 1995) ("Under the well-pleaded complaint rule, a cause of action 'arises under' federal law . . . only if there is a federal question presented on the face of the plaintiff's properly pleaded complaint").  When jurisdiction is challenged, it is the plaintiff's burden to establish that jurisdiction exists. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991).  Plaintiffs contend that they have a cognizable federal claim under the Harbor and River Improvements Act because the Act prohibits the "named defendants from any lawful

6

exercise of authority over the Plaintiffs' maritime business or real assets."  We disagree.

The Harbor and River Improvements Acts grants authority to the Army Corps of Engineers to conduct investigations and improvements of rivers, harbors and waterways, to grant easements on lands acquired by the United States for river and harbor improvements, to approve the plans of private persons or municipal corporations who desire to improve navigable rivers at their own expense, to procure the services of experts, and to award contracts for architectural, engineering, surveying and mapping services.  *See* 33 U.S.C. §§ 540-633.  It does not provide, however, an express private right of action to persons allegedly injured by violations of its provisions.  *See Boatowners and Tenants Ass'n, Inc. v. Port of Seattle*, 716 F.2d 669, 673-74 (9th Cir. 1983) (holding that River and Harbor Improvements Act does not afford a private right of action to association of boat owners who moored their boats at marina and who brought action against municipality contending that imposition of unreasonable fees constituted a deprivation of federal statutory rights).

As Defendants emphasize, Plaintiffs cite no case or other authority to support their contention that they have a private right of action under the River and Harbor Improvements Act.  Moreover, Plaintiffs have failed to establish that the Act impliedly creates a private cause of action by demonstrating that they are "one of the class for whose *especial* benefit the statute was enacted," that Congress intended to create a private right of action for individuals in their class, or that their cause of action is not one traditionally relegated to state law (and thus inferring a cause of action based solely on

7

federal law).  *See id*. at 672 (setting forth elements to be analyzed in determining whether a federal statute creates an enforceable private right of action) (emphasis in original); *cf. California v. Sierra Club*, 451 U.S. 287, 297-98 (1981) (no private right of action implied on behalf of those allegedly injured by violation of the River and Harbor Appropriations Act prohibiting obstructions of rivers, harbors and waterways except on plans recommended by the Chief of Engineers).  Because no private right of action – either express or implied – is provided by the River and Harbor Improvements Act, the District Court properly concluded that the Act cannot serve as a basis for the exercise of federal question jurisdiction.

Plaintiffs further argue that they have a cognizable federal claim under the Commerce Clause, which provides that "the Congress shall have power . . . to regulate Commerce . . . among the several states."  U.S. Const. art. I, § 8, cl.3.  "Although the Clause speaks in terms of powers bestowed upon Congress, the [Supreme] Court has long recognized that it also limits the power of the States to erect barriers against interstate trade."  *Lewis v. BT Investment Managers, Inc.*, 447 U.S. 27, 35 (1980).  That is, the Commerce Clause has a negative, colloquially called "dormant," aspect that limits state authority to regulate areas where "Congress has not affirmatively acted to either authorize or forbid the challenged state activity." *Atlantic Coast Demolition & Recycling, Inc. v. Board of Chosen Freeholders of Atlantic County*, 48 F.3d 701, 710 (3d Cir. 1995) (quoting *Norfolk Southern Corp. v. Oberly*, 822 F.2d 388, 392 (3d Cir. 1987)).  It is undisputed that Congress has neither prohibited nor authorized the ordinance at issue.

8

Consequently, we must consider whether the Borough's ordinance approving the designation of Plaintiffs' property as an "area in need of redevelopment" violates the dormant Commerce Clause.

As we have made clear in cases involving the dormant Commerce Clause, state municipalities may incidentally burden interstate commerce in the regulation of local domestic commerce. *Harvey & Harvey, Inc. v. County of Chester*, 68 F.3d 788, 797 (3d Cir. 1995) (statute that affects interstate commerce will be upheld unless "the burden imposed on such commerce is clearly excessive in relation to the putative local benefits" (quoting *Pike v. Bruce Church Inc.*, 397 U.S. 137, 142 (1970)); *see also Elberton Southern Ry. Co. v. State Highway Dept.*, 89 S.E.2d 645, 649 (Ga. 1955) ("[A] state may exercise the power of eminent domain although interstate commerce may be indirectly or incidentally involved."). Simply stated, while the purpose of the dormant Commerce Clause is to prevent "[s]tate and local governments [from using] their regulatory power to favor local enterprise by prohibiting patronage of out-of-state competitors or their facilities," *C & A Carbone, Inc. v. Town of Clarkstown*, 511 U.S. 383, 394 (1994), its "purpose . . . is not to protect individual firms," *Harvey & Harvey, Inc.*, 68 F.3d at 798. Here, Plaintiffs have alleged no facts to suggest that the Borough's designation of the Plaintiffs' property as an "area in need of redevelopment" unduly burdens or materially affects interstate commerce. As a result, we must conclude that the dormant Commerce Clause does not give rise to the proper exercise of subject matter jurisdiction.

* * * * *

9

For the reasons provided above, the decision of the District Court as to lack of subject matter jurisdiction is affirmed.  As such, we need not reach whether the Court correctly concluded that dismissal of the Plaintiffs' complaint was also required under the ripeness and abstention doctrines.